### No. 9851.

### THE STATE OF LOUISIANA VS. JOHN E. DUFFY.

Continuance on the ground of absence of witnesses, who are out of the State and beyond the process of the Court, will only be enforced in strong and clear cases in which three elements must concur: (1) Materiality and admissibility of the evidence; (2) due diligence; (3) affirmative showing that the absent witnesses can and will be produced at the future term.

The judge *a quo*, having exhibited strong reasons, showing that these requirements have not been complied with, and having concluded that the application was made for delay, his ruling will not be interfered with.

The *proces verbal* of the coroner's inquest is admissible for the restricted purpose of showing the fact and cause of death.

The Constitution authorizing the appointment of an assistant coroner, his authority to hold inquests is recognized, the holding of such inquests being the main and nearly sole purpose for which the office of coroner exists.

Where the *proces verbal* is signed by the assistant coroner, it will be presumed that he was the officer who held the inquest, although there had been a failure to correct the formal recital that the inquest was held before the coroner.

It appearing that no hurt to justice resulted to the prisoner, technicalities will not be strained to avoid a trial and sentence.

APPEAL from the Criminal District Court for the parish of Orleans. *Baker*, J.

---

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee.

*Walter H. Rogers* for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. The record presents three bills of exceptions which we will consider in the following order:

39 419
44 1115

39 419
50 311

39 419
52 1356

39 419
108 235

39 419
115 966

39 419
116 33
117 386

39 419
f118 102

39 419
121 1054

State vs. Duffy.

1st. A bill was taken to the refusal of a motion for continuance, based on the absence of material witnesses and supported by affidavits.

These affidavits contain all proper allegations as to diligence and good faith on the part of accused; but they disclose that the witnesses required are absent in the State of Mississippi, and out of the process of the Court. It further appears from the statements of the judge that, at a former trial of the case, the same witnesses had been summoned, and that it then appeared that all of them, except one, were returned by the sheriff as not found, or out of the city, and that the one, who then appeared in answer to the summons, was not, at that trial, put on the stand. No showing is made in the affidavits of any reasonable certainty that, if the case were continued, the attendance of the witnesses could and would be procured. The only statement on the subject is the following: "that the witnesses are laboring men, and your deponent is informed that they have procured work across the lake, in the State of Mississippi, which will occupy them some time, but not more than a month; that they are residents of this city, which is their home, and won't return before the next term of court," coupled with the additional statement that "the presence of said witnesses can be had at the next term of court." It, moreover, appears on the face of the affidavits that the defendant had long been aware of the transient character of these witnesses and of their liability to be absent, for he wrote to the District Attorney more than a month before requesting a trial on the ground that "his witnesses were laboring men, and were liable to take work whenever offered;" yet he took no steps to secure their attendance, or to guard against their probable absence. R. S., 1014. Moreover, the affidavits make no showing than the evidence expected would have been admissible. Four of the witnesses were expected to prove previous threats of the deceased against the life of the accused; and the fifth was expected to prove not only the making of such threats, but that he communicated them to the accused.

Another element is essential to make such evidence admissible, viz: proof of an overt attack or hostile demonstration by accused against the deceased. 33 Ann. 1087; 34 Ann. 1078; 37 Ann. 443, 491, 644, 782, 896.

The affidavits make no suggestion of the intention or ability to tender such proof. The judge states that the evidence taken on the former trial satisfied him that no such proof could be made; and it further appears, from the judge's statement in refusing the motion for a new trial on the same ground, that no such foundation was laid for

the admissibility of the evidence, even had the witnesses been present.

The authorities positively, and with great reason, discountenance continuances on the ground of absence of witnesses who are not within the process of the court. As said in one case: "If trials for capital offenses could be postponed on affidavits of this sort very few cases would ever be tried at all, and none at the first court after the arrest of the offender, unless he were willing. * * No compulsory process can issue to obtain their testimony. The presumption is that they would not attend at another court, or they would have attended at the trial when the life of the defendant was in jeopardy." State vs. Files, 3 Brev. S. C. 304.

The rule is that three things must concur to support such a continuance: " (1) That the witness is really material (including, of course, admissibility of his expected evidence), and appears to the court so to be ; (2) that the defendant has been guilty of no neglect; (3) that the witness can be had at the time to which the trial is deferred." King vs. D'Eon, 1 Wm. Bl. 510 ; Mull's case, 8 Gratt. 695; 3 Whart. Cr. L. § 3022, et seq.; 1 Bishop Cr. Proc. §951 (a) ; Wharton's Cr. P. & P. 589.

The judge a quo concluded that none of these requisites sufficiently appeared in the affidavits and facts of this case and expresses his conviction that the application was made for delay.

We fail to discover any such manifest error or injustice as would alone authorize us to interfere with the discretion of a trial judge in a question of continuance. 36 Ann. 86, 853; 37 Ann. 129, 787.

2d. A bill was reserved to the overruling of the objections of defendant to the admissibility of the proces-verbal of the coroner's inquest to prove the fact and cause of the death of deceased. The objections are of two classes, viz: First, general, to the admissibility of the coroner's inquest at all, under any circumstances or for any purpose; second, special, to the admissibility of this particular proces-verbal on the grounds of its irregularity and defectiveness.

So far as the general objections are concerned, we consider them precluded by the jurisprudence of the State.

In Parker's case, the same general objections were considered, and it very deliberately ruled that the *proces-verbal* of the coroner's inquest was admissible for the restricted purpose of establishing the *fact* and *cause* of the death.

It was then contended that the existence of a special statute authorizing the introduction of the inquest as evidence before the grand jury,

impliedly excluded it as evidence before the petit jury; but the court said: "The direction of the statute, that the coroner's inquest is to be used as evidence before the grand jury, is not an exclusion of its use before the petit jury."

The special statute above referred to has not been included in the revised statutes and is claimed to have been repealed under the general repealing clause; and it is now contended that the fact of such repeal prevents the admission of the inquest before the petit jury. There is less force in the latter than in the earlier position. The decision in Parker's case rests on reason and authority, independent of statute. It has been since followed and we adhere to it. State vs. Parker, 7 Ann., 84; State vs. Melville, 10 Ann., 457; State vs. Roland, 38 Ann., 19.

The special objection urged to this particular *proces-verbal* is that, while reciting in its body that the inquest was held "Before me, Dr. J. J. Finney, coroner for the parish of Orleans," and purporting to be signed "by said coroner and jurors," the same is not signed Dr. Finney, but by "Stanhope Jones, M. D., assistant coroner." The Art. 147 of the Constitution authorizes the coroner of this parish to appoint an assistant at a salary not exceeding $3000. Such a provision would seem to be self-operative. As, under the provisions of law regulating the office of coroner (R. S. Sec. 649, *et seq*) there seem to be no substantial duties except those connected with the holding of inquests, it might be inferred that the object in having an assistant was to hold inquests when the coroner himself was otherwise engaged. Moreover, independent of this provision, the Sec. 667 of the R. S. authorized the coroner to appoint a deputy to perform his duties "in case of sickness or necessary absence." Faulkner's case settles the principle that where the appointment of an assistant or deputy is authorized by law and is made, it will be presumed that the conditions existed under which the law authorized the appointment. State vs. Faulkner, 32 Ann. 725.

We are authorized to assume that Dr. Jones was regularly appointed and acted within the limits of his authority.

We are not disposed to attach importance to the recitals in the act as showing that the assistant coroner, who certified the *proces-verbal*, did not hold the inquest.

It is a suggestion too powerful to be resisted, that the discrepancy is the result of a mere clerical omission to alter a recital in a printed form of *proces-verbal*, and it is nowhere asserted as a fact that Dr. Jones did not actually hold the inquest. But, in every event, the

judge in his reasons says: "Dr. Jones, the assistant coroner, being absent from the State, the proces-verbal was admitted solely to prove the cause of death. The accused has never denied that he killed Gardner, but claims that he acted in self-defense. Counsel does not even pretend that there is any dispute as to the cause of death. Expert testimony was not necessary to prove the cause of death; death was almost instantaneous as a result of knife-wounds."

Under such circumstances, it would be straining technicalities beyond all reasonable limits, to remand this case for so immaterial a matter, which would not advance, but only hinder, justice. Judgment affirmed.