No. 12,643.

POLICE JURY OF POINTE COUPEE PARISH AND E. G. BENKER, SHERIFF, AND TAX COLLECTOR, VS. L. BOUANCHAUD & CO. AND OTHERS.

SYLLABUS.

1. *A fact not reviewable on appeal.*—The amount involved was less than two thousand dollars; questions regarding facts were not considered, as they were not within the court's jurisdiction on an appeal.

2. *Budget.*—As a question of law, the court finds that there was no forming of the budget as required by statute, and it follows, no advertisement. The statute requires the publicity of the finances of the parish, and one of

the first steps towards publicity is the forming of a budget and its adver-tisement.

3. *Admission.*—Giving effect to an admission on record, the court amends the judgment by reducing the amount of the license from one hundred dollars to fifty dollars.

### ON REHEARING.

1. Essential that the estimate of parish expenditures, required by R. S., 2745, should be published at least thirty days before the tax predicated upon it is levied.

2. Requisites of the estimate or budget pointed out, and the same held deficient in instant case because not *naming the year* for which made.

3. Not necessary this estimate should be more than a statement of probable expenses. Not required to embrace anything relating to parish resources or revenues.

ON APPEAL from the Fourteenth Judicial District Court for the Parish of Pointe Coupée. *Talbot, J.*

*Albin Provosty* (F. C. Zacharie of Counsel) for Plaintiffs and Appellees.

*Olivier O. Provosty* for Defendants and Appellants.

Argued and submitted January 10, 1899.

Opinion handed down April 3, 1899.

Judgment amended and defendants' application for rehearing refused (reasons assigned) April 10, 1899.

Application of plaintiffs for rehearing refused (reasons assigned) May 1, 1899.

On defendants' application for rehearing by BREAUX, J.

On plaintiffs' application for rehearing by BLANCHARD, J.

The opinion of the court was delivered by

BREAUX, J. Plaintiff brought this suit to recover $100, with interest and attorney's fee, for the parish retail liquor license for the year 1897.

The demand of the parish was dismissed, and the sheriff and tax collector remained as the plaintiff, having the right to stand in judgment in the case.

Defendants set forth as reasons for not paying the tax, (1) that the

police jury did not levy the license tax for the year 1897; (2) that the police jury did not adopt and publish the estimates of expenses as the law requires; (3) that that body did not grade the license, and that the ordinance was not adopted with reference to grade as required; (4) that it, after the license ordinance had been adopted, reduced the amount of the license from $100 to $50.

It appears as a fact that defendants sold liquor at retail in 1897, as alleged by plaintiff.

At a meeting of the police jury, held some time after, at which the license was imposed, the police jury, defendants contend, reduced the ordinance imposing a license from $100 to $50.

With reference to the adoption of the ordinance imposing licenses, we do not deem it necessary to make further statement than that the question turned entirely upon the facts. The only facts with reference to the budget are that the publication of the police jury's proceedings shows, as relates to the budget, that immediately preceding the list, which we will insert in a moment, the following is set forth:

"It was moved and seconded that the public printing be awarded to "the paper elected as the official organ," a matter not connected with the budget. Immediately after, we found the following:

### PARISH SCHEDULE.

| | |
|---|---:|
| Coroner's inquest | $ 500 00 |
| Constable's fees | $ 295 00 |
| Justice of the Peace | $ 210 00 |
| Parish printing | $ 300 00 |
| Clerk of the Police Jury | $ 200 00 |
| Bridges, dykes and roads | $2500 00 |
| Road syndic | $ 890 00 |
| Parish Advisory | $ 100 00 |
| Contingent expenses | $2000 00 |
| Jail | $3500 00 |
| | $10,495 00 |

The record of the minutes of the police jury, as printed in the official journal, is followed by reference to another matter not connected with the budget.

Police Jury, Sheriff and Tax Collector vs. Bouanchauld & Co. and Others.

We do not deem it necessary to make a further statement of the facts relating to the other grounds of defence, as the case is disposed of without passing upon them.

The judge of the court *a qua* found that the ordinance levying the license had been adopted as alleged, and held that the defendants are responsible for the amount claimed.

From this judgment, defendants appeal.

1st. As relates to defendant's position, that the license claimed by plaintiff was never levied, and that no ordinance upon the subject was adopted by the police jury, even if it be a fact, we do not think under our jurisprudence, that it presents a question which we should consider and decide on appeal from the judgment of the District Court. The judge of that court found as a fact that a license tax was levied; this ends the matter, as relates to appeal, though it may be that it would be possible to have it considered under our supervisory jurisdiction.

Weighing evidence and ascertaining on which side is the preponderance, whether for the plaintiff or defendants, does not present a question of law. We think that our conclusion on this point finds support in the following cases: State vs. Callac, 45 Ann. 29; State vs. Dean, *Ib.* 717; Board of Aldermen vs. Norman and Haas, 51st Ann.

2nd. We pass to the next question presented; to-wit, that the facts do not sustain plaintiff's averment that a budget was adopted, and it does not appear that a budget was published.

As this involves a public question and is not limited to facts, exclusively, we think it should be considered on appeal. In order to arrive at a satisfactory conclusion on this point, it is necessary, in the first place, to determine what are the principle requisites of a budget. In the language of the statute, police juries are required, before deciding on the amount of taxes to be assessed, to make out an estimate exhibiting the various items of expense, and cause them to be published. In other words, they should prepare the budget. Now it is well understood that a budget is intended to show the basis of the finances of the year and resources relied upon for the payment of the debts. Clearness and satisfactory order are dependent, in a great part, upon, at least, a somewhat accurate estimate of expenses and resources. While some of the resources may be in excess, and while there may be unforseen expenses at the time of the

adoption of a budget, yet, as far as possible, the estimates should be made with a view to present the complete tableau of revenues and expenses.

We are confident that a budget would not be objectionable, even though some of the estimates were more or less than the amount realized from taxation or parochial revenues. But it should be made to appear that some estimate has been made to get as near as possible to a correct basis. While it is true that a budget may be binding, though wanting in some respects, here there is nothing to show that certain important items were considered at all, and one of the items among those left out is licenses.

In our judgment, the resources of the parish, as relates to revenues for twelve months, should be well considered, and something in the minutes should indicate that they have been considered, and that, after consideration, the budget was adopted; otherwise, we do not see how it can be concluded that a budget has been adopted such as made requisite under the words of the statute. It should certainly be voted upon, to show that it has met with the approval of the police jury. Here, no vote appears to have been taken. It should, also, indicate inferentially at least, that, after having received the approval of the body, it was submitted to the tax-payers. We have found no such approval, and nothing upon which to base a conclusive inference, save that the list was found in the public minutes, an incomplete list, without indicating the purpose in view in inserting it in the public report. The question is not *res nova*. It received the consideration of this court in a well considered decision years ago, in which the court took occasion to say, in substance, that the formality was not intended to be perfunctorily observed; but, that it was the essential step in the administration of parochial finances. Parish of Lincoln vs. J. G. Huey, 30 Ann., 1244.

The reason for the levying of the tax and the license is service to be gotten in return; and the reason for the expense of the tax is the same, that is, service. Thus service is the first and last purpose of taxation, both as relates to the State and the parishes, and all statutes requiring that information should be given to the tax-payer, both as relates to the imposition of the tax and the disbursements of the taxes, should be given, that all may know if they choose to inform themselves that the levying of taxes and expenditures, have received required attention.

Police Jury, Sheriff and Tax Collector vs. Bouanchauld & Co. and Others.

We think that in this case there was not sufficient compliance with the statute, and, therefore, we are compelled to reverse the judgment appealed from.

3rd. Defendants averred that they are not tax resisters, and that they desire to pay the amount of $50, instead of the $100, as ordained at the last meeting, at which they say the amount of license was fixed at $50.

We have naught to do with this matter, save to enter up a judgment in accordance with their prayer.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended by reducing the license from $100 to $50, and as thus amended, the judgment appealed from is hereby affirmed. Costs of appeal to be paid by appellees.

Monroe, J., takes no part, as he was not a member of the court when this case was heard.

## On Defendant's Application for Rehearing.

Breaux, J. We took as basis for our decree an ordinance of the parish of Pointe Coupee reducing licenses (as had been fixed by an ordinance of a prior date) from $100 to $50, and upon that basis we condemned the defendants to pay a license of $50, penalties and the fee of attorney who represented the tax-collector.

Upon a re-examination of the ordinance we concluded that it could have no effect save to the extent that the appellants and defendants chose to give it effect by an admission; without the admission it could not possibly, in our view, have any effect.

We adhere to our previous decision that defendants must pay the licenses fixed in that amount ($50), but we do not think that they should be condemned to pay the penalty and attorney's fee.

The proposition being a plain one, we amend the judgment without granting a rehearing, as we do not consider argument necessary.

It is, therefore, ordered, adjudged and decreed that our original decree be and is hereby amended by leaving unchanged the amount as heretofore, from $100 to $50, and by striking from the judgment all amounts heretofore decreed due for penalty and attorney's fee. Sole amount due by each of the tax-payers will now be $50.

As thus amended the original decree is affirmed. Appellees shall pay the cost of appeal.

55

This amendment is made without prejudice to the rights of plaintiffs should they apply for a rehearing.

### ON APPLICATION BY PLAINTIFF FOR REHEARING.

BLANCHARD, J.   Section 2745 of R. S. lays it down precisely that before the police juries of the several parishes of the State shall fix and decide on the amount of parish taxes to be assessed for the current year, they must cause to be made out an estimate exhibiting the various items of expenditure for such year, and shall cause the same to be published in the official newspaper of the parish (if there be one) at least thirty days before the meeting of the jury is held at which the amount of taxes to be assessed for the year is agreed on and the assessment ordered.

This estimate may be called by any appropriate name, such as: schedule, budget, statement, tableau, estimate, etc.

It should be prepared with care and with reasonable attention to detail.   It should be formally adopted by the requisite vote of the police jury, should be inscribed in the book of minutes, and should be published in the official organ of the parish, at least thirty days previous to action by the jury fixing the amount of parish taxes for the year and ordering its levy and collection.

We do not think the statute merely requires one publication thirty days in advance of the action of the jury.   We think the law rather means that the publication shall be made several times—say four or five times during the thirty days, or at least once a week during that time.   But we do not here decide that it must be published more than once during the thirty days.   It is not necessary to the determination of the instant case to so decide.   We leave that, therefore, as an open question.

But this estimate, or schedule, or statement, or budget, or tableau, should state *the year* for which it is made, and the publication of the same should *name* the year for which it is adopted.   That is to say, if it is the schedule of expenditures for 1897, the advertisement of it inserted in the official organ should so state.

In the instant case there was but one insertion in the official organ of anything approaching to an estimate of parish expenditures.   This was on June 6, 1896.   It was merely headed "Parish Schedule."   It did not recite for *what year* it was intended.   There was nothing in

it or about it to indicate that the police jury had ever adopted it as an estimate of parish expenditures for the year 1896, or the year 1897. Nor did the minutes of the jury with which it was incorporated supply this information.

As an estimate of parish expenditures, therefore, for either of the years named, it was a dismal failure. It was not a compliance with the law, and this license tax sought to be imposed herein, predicated upon it, is not enforceable.

It is not necessary, however, in preparing and publishing the annual budget or estimate of parish expenditures, to include in it anything relating to the parish resources or revenues. This is not required by the statute.

The decree of this court, heretofore handed down, entering up judgment for $50 license against each of the defendants, is based upon their statement in argument and brief that they conceded a liability to that extent based upon action of the police jury subsequent to the formal levying of the license tax sued for.

It was, therefore, immaterial whether what the jury did in this regard was or was not properly and legally done, so far as the license for $50 is concerned. Defendants admit their liability to this extent and agree to judgment against them therefor. This is ample warrant for such judgment.

Rehearing refused.

Mr. Justice Monroe takes no part as he was not a member of this court when the case was submitted.