The opinion of the court was delivered by
Monroe, J.
It appears from the record in this ease, that the Police *1621 Jury of the parish of Red River, after adopting an estimate of expenses for the year 1899, as required by law, passed an ordinance, fixing the parish licenses, and, among them, the retail liquor dealers’ license, which was fixed at $250 for the year. In November, 1899, the same body adopted an estimate of expenses for the year 1900, and, allowing something more than the thirty days required by R. S. 2745, on January 3rd, Í900, passed the ordinance fixing the licenses for the year, and raising that of the retail liquor dealers to two thousand dollars. In the meanwhile, on January 2nd, the relator applied to the( sheriff, and ex-officio tax collector, for parish and State licenses for the year 1900, tendering-two hundred and fifty dollars for the one, and one hundred dollars for the other. But that officer denied the application, on the ground that it was not his duty to deliver the parish license, since the Police Jury had not fixed the same, and had turned none over to him; and that it was not his duty to deliver the State license, because, as he claimed, the right to such license depended upon the action of the parish authorities with reference to parish licenses. The relator then applied to the president of the Police Jury to issue the desired parish license, and this request was, also, refused, on the ground that there was no ordinance authorizing the issuing- of such license. Whereupon, the relator brought the present suit, being a proceeding by mandamus to compel the president of the Police Jury and the ex-officio tax collector, in their respective capacities, to execute and deliver to him, and to certain others, whom he speaks of as “similarly situated”, “license” to sell liquor at retail during the year 1900. The respondents, by way of return, set up, substantially, the grounds which have been stated; there was judgment in the court a qua rejecting the relator’s demand, and he has appealed.
The claim that the writ should issue to the ex-officio tax collector with respect to the parish license has been, virtually, .abandoned, as there appears to be no law making it his duty to deliver parish licenses which have not been turned over to him for that purpose. With respect to the State license, we understand from the admissions in the record, and also from the prayer of the petition, that the demand was, and is, for “license”, that is to say, for effective permission to sell liquor at retail, and not for the permission from one source, with an existing prohibition from another. In other words, that the relator did not, and does not, demand that the State license shall issue whether the parish *1622 license issues or not, but that it was, and is, one demand for both licenses. This being the case, and ’our deductions, from the pleadings and admissions, being that he would not have paid the State license in view of the non-delivery of the parish license, we are of opinion that the demand, as to the sheriff and ex-officio collector, was properly rejected.
The proposition in support of the claim as against the president of the Police Jury is as follows, to-wit:—
That the law requires (under penalty) a retailer of liquor to obtain a license before going) into' business, but that such business is nevertheless lawful as to those who comply, or who are willing to comply, with the conditions imposed, 'and that it is incompetent for the Police Jury, by failing to fix the amount of the license for 1900, to place such persons in a position where they are obliged to choose between the alternatives of not doing business at all, or of conducting their business without license, and in violation of a penal statute. From which it is deduced that the ordinance fixing the license for 1900 not having been adopted on the 2nd of January, aud the State law (Act 171 of 1898) requiring the collector to begin the collection of licenses on that day, it must be held, either that the license was to be collected under the pre-existing ordinance, whereby it was fixed at two hundred and fifty dollars, or that a suspension of the law would result from the inaction of the Police Jury, which, it is said, is inadmissible.
If, as a matter of law, the ordinance passed in January, 1899, fixing the licenses for that year, and undertaking to fix them for the succeeding years, upon the basis of the estimate, previously adopted, for the year 1899, was competent legislation, in so far as it undertook to fix the licenses for .1900, the argument of the learned counsel would be difficult, perhaps impossible, to answer. But, under both the law and the jurisprudence, the Police Jury is required to estimate for one year at a time, and the ordinance fixing the licenses for a particular year must be based upon the estimate for that year, so that the ordinance under which the relator demands a license for 1900 did not, and could not, fix the amount of the license for that year. R. S. 2475; Parish of Lincoln vs. Huey, 80 Ann., 1244; Police Jury vs. Bouanchaud et als., 51 Ann., 866. If, then, there was no law, undeif which the president of the Police Jury could issue a license, when the relator demanded it, this case is at an end, for a mandamus will not' issue to a public officer under such circumstances. And what might happen, if the relator, claiming that he *1623 could not be denied the right to carry on his business) should conduct it without a license, ini face of the statute imposing a penalty for so doing, is another question, which does not present itself in these proceedings. It may be remarked, however, that the law does not expect impossibilities, and that the books will probably be searched in vain for an instance where a citizen, who has paid his license as soon as it was possible to dd so, has been punished for doing a business, otherwise lawful, without a license.
Judgment affirmed.
Rehearing refused.