Benjamin & Co. et als. vs. Parish of East Carroll et als.

## No. 13,750.

CONSTANT, BENJAMIN & CO. ET AL. VS. THE PARISH OF EAST CARROLL
ET ALS.

### SYLLABUS.

1. It is now the settled juisprudence that the provision of R. S. 2745, requiring police juries, before they shall levy a tax, either *ad valorem* or license, for a given year, to prepare, adopt and publish a budget or estimate of expenditures for such year at least thirty days in advance of the levy, is *mandatory,* and failure of substantial compliance therewith strikes the ordinance levying the tax with nullity.

2. A parish license tax levied and exacted for the whole of the calendar year 1899 (the ordinance prescribing that no half-year license should be issued) predicated on an estimate of expenditures covering only the first half of 1899, is not a compliance with the statute and the exaction is illegal.

APPEAL from the Ninth Judicial District, Parish of East Carroll —*Kennedy, J., ad hoc.*

*Charles S. Wyly* for Plaintiffs, Appellees.

*Joseph E. Ransdell* and *Clifton F. Davis* for Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiffs are retail liquor dealers in the Parish of East Carroll. The collector of parish taxes demanded of each the payment of a license of $250 for carrying on business as such for the calendar year 1899.

They resisted this demand as being illegal, but paid under protest to avoid the penalties denounced by the statutes against those selling liquors without license.

Thereupon they instituted the present suit for reimbursement of the amounts so paid.

Various grounds of illegality are presented as issues arising in the case. One suffices, and without passing on the others, we hold with the District Judge that the failure of the Police Jury to adopt a budget or estimate of parish expenditures for the year 1899 and to cause the same to be published as the statute requires (R. S. 2745) prior to the enactment of the ordinance levying the tax, is fatal to the validity of the ordinance and to the right of collecting licenses under it.

The ordinance in question was adopted by the jury on December 20, 1898. That part of it with which this case is concerned reads as follows:—

"Be it further ordained, That the parish license for the retailing of spirituous or malt liquors be and is hereby fixed at two hundred and fifty dollars for the year 1899."

"Be it further ordained, That no half-year license for the retailing of spirituous or malt liquors shall be issued."

It will be observed that this was a levying of a license tax *for the calendar year 1899*, and a prohibition of the issuance of any *half-year* license for the selling of liquors. That is to say, the tax collector, under the ordinance, could not issue a license for the first half of the year 1899.

In point of fact the license tax exacted of the plaintiffs was for the full amount and for the whole of the calendar year.

No budget for the calendar year 1899 was ever adopted. But in June 1898 a budget had been adopted for the year beginning June 30, 1898, and ending June 30, 1899, and it is disclosed by the record that from June 30th of one year to June 30th of the next is *the fiscal year* of the Parish of East Carroll. That is the custom there.

So, in June 1898 a budget was adopted for the fiscal year ending June 30th, 1899, and if this had been followed by levying this parish license tax, based on this budget, for the year beginning June 30, 1898, and ending June 30, 1899, it might well be that a sufficient compliance with the law had been had and the tax sustained.

But when in December 1898—some six months following the adoption and publication of the budget—the jury proceeded to levy the tax for a different year, and a year with reference to which there had been no budget prepared, adopted and published, they did a vain thing.

True, the budget adopted in June 1898, for the fiscal year beginning the 30th of that month, covered the first half of the calendar year 1899, and if the ordinance of the jury levying the license tax, in dispute, had confined the exaction of the tax to the first half of 1899 its legality might well be sustained.

But they not only did not confine it to that period, but expressly forbade the tax collector from issuing a license for the half-year and insisted on exaction of the tax for the whole year, and it was paid in advance for the whole year.

So that, the way the tax ordinance was drawn and adopted the budget

which covered the first half of 1899 was rendered unavailing, and as to the second half of the year there was no budget at all.

In view of the mandatory requirements of Section 2745 of the Revised Statutes, and of the decisions of this court construing and applying the same, found in Wilson vs. Tax Collector, 28 La. Ann. 261; Parish of Lincoln vs. Huey, 30 La. Ann. 1244; Police Jury of Point Coupee Parish vs. Bouanchaud, 51 La. Ann. 866; and State *ex rel.* Hutchinson vs. Lockett, Sheriff, 52 La. Ann. 1620, we are constrained to hold that the judge *a quo* has correctly determined the issue submitted to him and the judgment appealed from is therefore affirmed.

PROVOSTY, J., takes no part—this case having been submitted prior to his taking his seat on the bench.