No. 14,509.

## STATE OF LOUISIANA VS. ALBIN BAPTISTE.

### SYLLABUS.

Restricted to showing the death and cause of death, the *proces verbal* of the coroner's inquest is admissible in evidence on the trial of the person accused of the homicide.

APPEAL from the Nineteenth Judicial District, Parish of St. Martin—*Foster, J.*

*Walter Guion,* Attorney General, and *Anthony N. Muller,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Mouton & Simon,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Indicted for murder, convicted of manslaughter and sentenced to twelve years at hard labor, defendant appeals.

Two bills of exceptions are in the record. They bring up the question of the admissibility in evidence, when offered by the State, of the *proces verbal* of a coroner's inquest; how far admissible; for what purpose admissible, etc.

In this instance the State offered the *proces verbal* to prove *the fact and cause* of death; to show the man was dead and that his death was caused by a blow received.

The defense objected that the *proces verbal* is not admissible to prove anything except death; that neither the manner nor cause of death, nor the participation therein of the accused can be shown thereby.

The *proces verbal,* exclusive of the evidence taken before the coroner, read as follows:

At an inquest taken for the Parish of St. Martin upon the body of Oneziphore Thibodaux, there lying dead, the jurors, whose names are hereto subscribed, upon their oaths say:—That death was caused by a blow inflicted with a single-tree, the single-tree being held in the hands of one Albin Baptiste, actually in jail.

This is signed by the jurors and the coroner.

The trial judge ruled the *proces verbal* was admissible to show the fact and cause of death, and thereupon he permitted to be read to the jury so much of the *proces verbal* as follows, and no more:—

At an inquest taken for the Parish of St. Martin upon the body of Oneziphore Thibodaux, there lying dead, the jurors, whose names are hereunto subscribed, upon their oaths say:—That death was caused by a blow inflicted with a single-tree.

There was no error in this ruling. It is well settled that the *proces verbal* of a coroner's inquest is admissible for the restricted purpose of showing the fact and cause of death. State vs. Duffy, 39 La. Ann. 419; State vs. Parker, 7 La. Ann. 84; State vs. Taylor, Manning's Unreported cases, 366.

The portion of the *proces verbal* admitted to the jury was offered while the coroner himself was on the stand. Because he testified that no autopsy had been made upon the body of the deceased after death, that he had not seen the body of the deceased until several hours after death had ensued and a day or two after the wound was inflicted, and that he could not say what the cause of his death was, except from what the dead man's father told him and from the history of the case, it was objected that the introduction of the *proces verbal* had the effect of contradicting the witness, and this the State could not do since he (the witness) had been called by the State.

There is no force in this objection. It was permissible for the State, in connection with the coroner's testimony, and as recalling the facts to him and assisting his faulty recollection, and even to show his mistake, to offer the *proces verbal*.

In doing so, there was no such contradicting of the witness as made the reception of the *process verbal* illegal evidence.

Neither is there force in the objection that the *proces verbal* could not be received in evidence because it was not first shown that the jurors who signed it were sworn, and by whom sworn.

The document itself sets forth the jurors were sworn and the law presumes the regularity of the proceedings. *Omnia rite acta praesumunter.*

Judgment affirmed.