(36 South. 332.)

No. 14,950.

## WAGGONER v. MAUMUS.*

(Feb. 29, 1904.)

TAXATION—PUBLICATION OF BUDGET—SEPA-
RATE ASSESSMENT.

1. Plaintiff, a tax debtor, brought this suit under section 2, p. 127, of Act No. 101 of 1898, to set aside a tax sale on the ground that no budget or estimate of expenditures for the year 1900 was made by the police jury. This was the year for which taxes were claimed, and for the nonpayment of which this property was sold.

(a) The court holds that the budget required was not timely made and published.

2. Plaintiff's further complaint is that the property was not separately assessed in the name of the owner; it was carried on the assessment roll, and in part merged into property of another taxpayer.

(a) The court holds that property should be assessed in the name of the separate owners, and that an assessment of the properties together, belonging to two owners, is illegal.

3. Plaintiff asks to be relieved from the payment of any tax on the ground that the assessment was absolutely null.

There was no separate assessment of property from that of land belonging to another taxpayer, and no budget.

The tax was null, and cannot be charged by buyer at tax sale.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; T. Don Foster, Judge.

Action by Henry Waggoner against Achille J. Maumus. Judgment for plaintiff. Defendant appeals. Modified and affirmed.

Louis Octave Hacker, for appellant. Weeks & Weeks and John E. Schwing, for appellee.

BREAUX, J. Defendant on the 18th day of May, 1901, bought at tax sale a tract of land owned by plaintiff.

After the lapse of 12 months from the date that the deed was recorded, he brought suit as authorized by section 1, p. 127, of Act No. 101 of 1898.

Within the six months from service of pe-

*Rehearing denied April 11, 1904.

tition in the suit just mentioned, plaintiff instituted this suit to annul the sale on multifarious grounds, which defendant seeks to meet by averments that the assessment was properly made, and all notices duly given, including the advertisement; that he became the adjudicatee; and that he had a legal and valid title to the property.

As relates to the facts, it appears that the amount of the taxes assessed against the property for the year 1900, for which the property was sold, was $13.64, as follows:

State and parish taxes.................$10 44
Drainage tax ..........................  2 95
Notice ...............................     25

It was advertised as follows to be sold for the payment of this tax:

Waggoner, Henry
36 acres bounded N. road, S. Boutte, E. Mason, W. Vincent.
23 acres bounded N. road, S. Joe, E. Gay, W. Mason.

The following is a rough sketch drawn for the purpose of illustration:

| 36 acres | A. |
|----------|----|
| 23 acres | B. |

At the tax sale in question, lot A was adjudicated to the defendant for the sum of $11.20.

It will be seen that the two amounts—that for the assessment, and that for which the property was sold, do not exactly correspond, the latter being less than the former.

The tract containing 23 acres, lettered "B," was not owned by plaintiff. It was the property of another taxpayer, against whom a separate assessment was made, and by whom the taxes thereon were paid.

It follows that it had been erroneously assessed to plaintiff as one property—that is, the 36-acre tract and the 23-acre tract as one owned by plaintiff. The taxes on the former (the 36-acre tract) were not paid. They were advertised for sale as the properties of plaintiff, to be sold together to pay the taxes before mentioned.

. Another ground upon which plaintiff asks to have the tax deed annulled is that the police jury had not made a budget prior to the levy of the taxes of 1900.

And plaintiff further urges that, at the time the tax rolls of Iberia were filed in the clerk's office, no ordinance had been passed by the police jury levying the parish taxes for the year, and that in making out the assessment roll there was illegality, in that it was assumed that the tax would be 10 mills against the taxpayers.

Our learned Brother of the district court held that the want of ordinance by the police jury fixing the vote of parish taxation for the year 1900, and the want of a budget made out as required by section 2745, Rev. St. 1876, are fatal to the tax sale, and rendered judgment setting aside the tax deed, and ordered plaintiff to pay to defendant the amount the latter had paid as adjudicatee, plus interest and penalty.

We have seen that the two tracts owned by different owners were merged. It is well settled that, in assessing property, each tract must be assessed in the name of its owner.

Here not only the tracts were merged as one on the face of the papers, but a doubt suggests itself as to whether the amount of the assessment embraced the two tracts, or only one.

Each owner should be made to respond as a taxpayer for his own, as clearly indicated by the assessment.

Manifestly the assessing officer is without authority to assess property of one of the taxpayers jointly with that of any other taxpayer who is absolutely without interest in the land assessed.

This, after all, is only the plain intention of the statute, and it should be carefully followed.

In matter of the tax sale before us, it appears that the 23-acre tract, identified by the letter "B," was sold by plaintiff to E. B. Bayard in the year 1895, but that despite this sale the assessor assessed it for the taxes of 1900 in the name of plaintiff, Waggoner, who had long prior parted with his title to that tract.

The revenue statute plainly provides that the assessor should examine into and familiarize himself with the record of transfer of property, to the end of making needful changes in assessments.

It is also very clearly provided by these statutes that he should make house to house inquiry, in order to enable him to make out correct assessments.

Plaintiff urges the point here that the assessor had not called at his home or at his place to take account of the value, situation, and boundaries of his property.

We do not deem it necessary to pass upon this question at this time, as sufficiently fatal errors have already been considered.

None the less we must say that compliance with the statute is due to the taxpayer. There was a purpose in inserting the different clauses in the statute regarding the steps to be followed in making assessments, and they should not be slighted in any case.

Plaintiff sets up as another point of attack that the police jury did not make and publish a budget of expenses for the year 1900, and that the amount of parish taxes was not carried out on the assessment rolls prior to such a budget, and before the amount had been fixed by the police jury.

In answer to the following question, one of the witnesses, whose testimony is accepted as correct, said:

"Q. Was this ordinance preceded by a budget?

"A. No, sir; this was thought to be the budget itself."

A reference to the document marked "H," to which this witness refers, makes it appear evident that it was not a budget; and it follows, as alleged, that there was no budget, and that the amount of parish taxes was not adopted as required.

The act itself relating to the budget is plain enough:

"The police juries of the several parishes of the state, before they shall fix and decide on the amount of taxes to be assessed for the current year, shall cause to be made out an estimate exhibiting the various items of expenditure, and shall cause the same to be published in the official newspaper of the parish, or, in parishes where an official newspaper is not published, then by posting up written statements of said estimates in at least three of the most public places in such parishes, at least thirty days before their meeting, to fix and decide on the amount of taxes to be assessed as aforesaid." Rev. St. 1876, § 2745.

The importance of complying with this section was mentioned in several decisions. Constant v. Parish of East Carroll et al., 105 La. 286, 29 South. 728; State ex rel. Hutchinson v. Sheriff and Tax Collector, 52 La. Ann. 1620, 28 South. 157; Police Jury v. Bouanchaud & Co., 51 La. Ann. 860, 25 South. 653.

The police jury should not have overlooked that important provision, in justice to those that body represents in matter of taxation.

The oversight, also, was fatal to the validity of the tax sale.

Before this court, plaintiff and appellee has answered defendant's appeal, and asks that the judgment be amended by striking out therefrom that portion which condemned him to pay the taxes and interest on the property.

The ground urged, that the land in controversy was never separately assessed, and that the taxes were never legally levied by the police jury, are sustained by the evidence, as we have before stated.

In that view, it follows that the assessment and the levy are absolutely null. They do not sustain a claim for the tax.

The buyer at tax sale must look to the state for reimbursement, and not to plaintiff.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, and that the taxes paid by defendant, and the penalty and interest thereon allowed by the judgment of the district court, are disallowed, rejected, and stricken from the judgment.

With this amendment, the judgment appealed from is affirmed, at defendant and appellant's costs.