LAND, J.
On May 20, 1905, the defendant Oliver Schwartzenberg purchased at tax sale the following described property, to wit:
“Lot and improvements Pineville fronting Roch .road bounded by Barrett, said property having been assessed to Henry Schwartzenberg.”
*295 In June, 1906, the said purchaser was placed in possession of the property in controversy by the sheriff and ex officio tax collector of the parish of Rapides, in obedience to an order of the district court rendered pursuant to section 66 of Act No. 170 of 1898.
In December, 1906, the tax purchaser sold a portion of said property, 60x70 feet, to one Riley Brown.
On May 2, 1908, Oliver Schwartzenberg, by recorded deed, purporting to be a cash sale for $500, conveyed the same property, or the remainder thereof, to Mrs. Annie Huffman, wife of Hyatt Huffman.
On the same day Mrs. Annie Huffman, jointed, aided and authorized by her husband, donated the same property to their three grandchildren, Annie, Bessie, and Henry Schwartzenberg, minor children of Oliver Schwartzenberg and his wife Celia Huffman. This act of donation was duly accepted and recorded.
In January, 1912, the father of said minors petitioned the district court to appoint an undertutor, and to order a convocation of a family meeting to consider the advisability of a judicial sale of said lot, for the purpose of paying a certain paving assessment, and of supporting and educating said minors. The family meeting, with the concurrence of the undertutor, recommended the sale as prayed for, and their deliberations and advice were approved and homologated, and the sale ordered by judgment of the court. The sheriff advertised the property for sale in March, 1912.
Plaintiffs (the tax debtor, and some of the heirs of his Wife) thereupon, filed the present suit to enjoin the sale of the property, on the grounds:
That the tax sale was null and void because the description in the tax deed was insufficient to identify the property in the tax debtor.
That the tax purchaser, was co-owner, and the purchase by him operated merely as a payment of the taxes.
That the pretended sale by the tax purchaser to his mother-in-law and the donation to his children were fraudulent simulations.
'Defendants pleaded the constitutional prescription of three years and other defenses.
There was judgment for the defendants, and the plaintiffs have appealed.
The rear half of the lot sold at tax sale was the separate property of Henry Schwartzenberg, and the front half belonged to the community between him and his deceased wife.
The judge below assigned written reasons for his judgment. He found that the conveyance by Oliver Schwartzenberg to Mrs. Huffman was not simulated, and that her title to the property was protected by the constitutional prescription of three years.
It is shown by the evidence that the I-Iuffmans supported Oliver Schwartzenberg’s wife and children for 13 months, while he was serving as a soldier in the United States army during the Spanish war of 1898, and for 1 month after his return.
[1,2] We think that the property is so described in the tax deed so as to be reasonably identified, as the lot in Pineville owned by the tax debtor. The lot was improved, and had been the residence of the tax debtor and his family for a good many years. The frontage and the side lines were given. As a fact, the tax collector identified the lot and put the tax purchaser in possession, and the identification was completed by proof aliunde the tax title of the possession of the tax debtor,' and other relevant facts. Shelly v. Friedrichs, 117 La. 679, 42 South. 218; Gouaux v. Beaullieu, 123 La. 684, 49 South. 285; Weber’s Heirs v. Martinez, 125 La. 663, 51 South. 679; Landry v. McWilliams, 135 La. 655, 65 South. 875.
[4] On the merits the case hinges on the *297 credit to be attached to the testimony of the Huffmans,'and of Oliver Scbwartzenberg, to the fact that the consideration of the sale from the latter to Mrs. Huffman was the indebtedness already stated. The trial judge gave credit to the testimony of these witnesses, and we have no good reasons to discredit their statements. Their testimony is positive that the transfer was made to pay the debt due the Huffmans, and, if it was also understood that Mrs. Huffman would donate the property to her minor grandchildren, the reality of the transfer was not thereby affected. The proposition to donate the property came from Mrs. Huffman, and was intended to secure a home for the children of her daughter.
[3] Conceding for the sake of the argument that the purchaser at the tax sale held for his co-owners quoad the community front half of the lot, this equity does not affect third persons purchasing in good faith, who are protected by the prescription of three years provided in article 233 of the Constitution.
In truth there is little or no equity in favor who abandoned the part of which was his own separate property, and refused to pay taxes thereon, before and after the tax sale. In fact none of the heirs of the wife of the tax debtor, except the defendant Oliver Schwartzenberg have ever paid any taxes on the property.
Judgment affirmed.