### No. 2187

### Second Circuit Appeal.

### E. McILHENNY'S SONS v. W. F. COUVILLON ET AL.

(June 6, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 729.**

Where the description in a tax deed and other papers taken to the Court of Appeal were insufficient to show just what land was assessed and sold at the tax sale, the case will be remanded for further proceedings according to law if it appears that such proceedings will clarify matters.

2. **Louisiana Digest—Taxation—Par. 381; Estoppel—Par. 22.**

The defendant is not estopped from pleading or proving the illegality of some of the taxes merely on the ground that his own title was based upon taxes levied by virtue of the same election as were the taxes against which he plead, which is especially true where the taxes were levied for the payment of different installments of the same bond issue.

3. **Louisiana Digest—Estoppel—Par. 51.**

Defendants cannot avail themselves of the defense of estoppel unless they especially plead it, nor is plaintiff's allegation of a tender such an allegation of the validity of the tax sale as to destroy plaintiff's case.

4. **Louisiana Digest—Estoppel—Par. 51; Tender—Par. 7.**

The utmost effect of a tender by a former proprietor to the tax purchaser of the price paid by the purchaser at a tax sale could possibly have would be to estop the former proprietor from disputing amount of the taxes and could not estop him from showing the nullity of the tax sale.

Appeal from Fourteenth Judicial District Court of Louisiana, Parish of Avoyelles, Hon. L. P. Gremillion, Judge.

This is a suit to annul a tax sale. An exception of no cause of action and a

plea of prescription were filed by the defendant. The exception of no cause of action was sustained and suit dismissed.

Plaintiff appealed.

Judgment of the lower court reversed and set aside.

The plea of no cause of action and the plea of prescription referred to the merits and the case remanded for further proceeding according to law.

Weeks & Weeks, of New Iberia, and Porterie & Bordelon, of Marksville, attorneys for plaintiff, appellant.

L. P. Gremillion, of Marksville, and W. E. Couvillion, of Marksville, attorneys for defendants, appellees.

CARVER, J. Plaintiff sues W. F. Couvillon and Arthur Lemoine to annul a tax sale alleged to have been made by Amet Guillott, Tax Collector of Avoyelles Parish, on August 21, 1921, for taxes of 1920 assessed to E. O. Dupuis.

Plaintiff alleges that the deed was made to Couvillon but that an instrument was afterwards filed, signed by Couvillon and by Guillott, not as sheriff but personally, reciting that it should have been made to Lemoine and consenting that Lemoine's name be inserted therein instead of Couvillon's.

The deed is alleged to describe the property thus:

"A certain tract or parcel of land situated and being in the Second Ward of the Parish of Avoyelles, Louisiana, containing 33 acres, more of less, being W½ of 72 from McIlhenny Tract."

Plaintiff further alleges that by virtue of said deed Lemoine is claiming a part and under another like deed is claiming the remainder of a tract of land sold by it on July 25, 1918, on partial terms of credit to E. O. Dupuis and Armand Dupuis in indivision, on which it reserved and still has a mortgage and vendor's privilege, to secure the credit portion of the price, which land is still owned in indivision by E. O. and Armand Dupuis and is described as follows:

A certain tract or parcel of land situated in Avoyelles Parish, Louisiana, located about two miles north of the town of Marksville, and containing seventy-three and 70-100 arpents, being lots 10, 11, 12 and 13 of a plat of survey of the sub-division of what is known as the McIlhenny plat, made by W. F. Messick, and on file in the recorder's office of Avoyelles parish; bounded north by lands of C. F. Bordelon, on the south by lots 5, 6, 7, 8 and 9 of said McIlhenny tract, and on the east by land of * * * and on the west by public road.

And that said Lemoine is seeking by virtue of said tax deeds to dispossess said E. O. and Armand Dupuis from the property covered by its mortgage and vendor's privilege.

Plaintiff also alleges that within less than twelve months after the instrument substituting Lemoine for Couvillon as the tax purchaser he made a tender to Lemoine to redeem the property and that Lemoine had agreed to accept the tender and drop the proceedings which he had commenced, but that upon the tender being made he refused it, which action is alleged to constitute a fraud upon petitioner.

The grounds of nullity alleged against the tax sale involved in this case are hereafter mentioned.

Defendant filed an exception of no cause or right of action and afterwards a plea of six months' prescription.

The district judge sustained the exception of no cause of action and signed a judgment dismissing the suit upon that express ground.

From the minutes it would appear that he has also sustained the plea of prescription, but the judgment as signed is silent as to this.

In the. able brief filed by defendants' counsel in this court he discusses some of the various grounds alleged as nullities as follows:

### 1.

Insufficient description of the property sold.

He refers to the following cases as holding that the description is sufficient if it serves to identify the property, namely:

Schwartzenburg vs. Schwartzenburg, 138 La. 294, 70 South. 230.

Weber vs. Martinez, 125 La. 663, 51 South. 679.

Coaux vs. Beaulieu, 123 La. 684, 49 South. 285.

Board of Commissioners vs. Concordia Land Co., 141 La. 247, 74 South. 921.

In our opinion, none of these cases meet the issue as presented at present. It may be that after trial on the merits it will appear that the description in the tax deed is sufficient to identify the property; but we cannot say that it appears to be such on the face of the papers, and plaintiff's counsel allege that it is not sufficient.

It is true the description in the deed locates the land in the Second Ward of Avoyelles parish, but presumably this ward contains many square miles so that this part of the description means little in the way of identifying any particular 33 acres.

It is true also that it says the 33 acres, more or less, is the west half of the McIlhenny tract. We cannot surmise whether this means lot 72 of the McIlhenny tract or 72 acres of the McIlhenny tract.

It is conceivable, too, that the McIlhenny tract may comprise a great many acres of land. If so, and the "72" means acres, it would be, in our opinion, a very insufficient description, because an undefined 72 acres to be taken out of a larger tract might be taken anywhere in the tract.

### 2.

That the tax collector did not sign the deed.

Counsel says that this is refuted by the deed attached to the petition in another suit. Neither this deed, though, nor the petition in the other suit was filed in this suit, and there is nothing in this suit to show that the deed was signed by the tax collector but, per contra, the petition herein alleges that the deed was not signed by the tax collector, which allegation, on trying an exception of no cause of action, must be taken as true.

### 3 and 4.

That the Police Jury failed to adopt a budget for the year 1920 as a basis for the levy of parochial taxes.

Revised Statutes, 2745, provides:

"The police jury of the several parishes of the State, before they shall fix and decide on the amount of taxes to be assessed for the current year, shall cause to be made out an estimate, exhibiting the various items of expenditures required; and cause the same to be published in the official newspaper published of the parish, or in parishes where an official newspaper is not published, then by posting up written statements of said estimates in at least three of the most public places in such parishes, at least thirty days before their meeting to fix and decide on the amount of taxes to be assessed as aforesaid."

In the case of Waggoner vs. Maumus, 112 La. 229, 36 South. 332, the court held that the failure to comply with this section of the Revised Statutes was fatal to the validity of the tax sale.

Counsel for defendants cite the case of Duffy vs. Peneguy, 148 La. 414, 87 South. 25, in which the court says:

"In a large number of cases this court has held that a tax sale is equivalent to a sheriff's sale in execution, and that, where

a part of the taxes for which the sale is made, although actually levied by the proper authority, is illegal, and the owner of the property allows it to be sold for taxes, he cannot, after the sale has been consummated, set the sale aside for that reason, any more than the owner of property sold under a writ based on a judgment, where part of the debt is not due, can set aside a sheriff's sale for that reason."

Citing various authorities.

In our opinion, though, this case does not overrule the Waggoner case, above cited, nor do we find any other decision overruling it.

The facts in the Duffy case were that both parties were claiming under tax sales based upon the same kind of taxes. When defendant sought to introduce proof as to illegality of some of the taxes, plaintiff's counsel made a formal objection, pleading, amongst other things, that defendant was estopped from questioning these taxes on the ground that his own title was based upon taxes levied by virtue of the same election as were the taxes against which he plead illegality. The taxes in question were taxes in support of an issue of drainage bonds for one installment of which he or his authors had bought the property. The plaintiff was claiming under a tax sale made in part for taxes levied to pay a later installment of the same bonds.

Besides these alleged grounds of nullity, plaintiff alleges others, the merits of which defendants' counsel does not discuss. These are as follows:

1. That the assessment of the property was erroneous, being to E. O. Dupuis alone, although it was owned in indivision by E. O. Dupuis and Armand Dupuis.

The Constitution of 1898, Article 233, and the Constitution of 1921, article X, section 11; contemplate that property shall be assessed to its true owner.

Section 19 of the revenue act, Act 170 of 1898, requires that it be so assessed. We take the following extract from Louisiana Digest, volume VII, page 150, section 333:

"It is well established on principle and by authority that a tax sale of property assessed in the name of one who is not the owner, without service of any notice of seizure on the real owner, is an absolute nullity and passes no title."

2. That no legal notice was given to the owner that the taxes were due.

The above cited articles of the Constitutions of 1898 and 1921 as also section 50 of Act 170 of 1898 require this notice.

3. That the tax collector, instead of offering the least quantity of the property that the purchaser would take and pay the taxes, offered and sold all the property for $10.51 more than the amount assessed against it; thereafter refunding the surplus of $10.51 to the tax purchaser.

The above mentioned articles also require that the property be offered for sale, not to the highest bidder in money but to the bidder who will take the least amount of the property and pay the taxes. This is also the requirement of section 64 of the revenue act.

Defendants' counsel apparently relies on shutting out inquiry into these matters by arguing that plaintiff is estopped not only from urging these alleged nullities but also from attacking the sale at all by reason of the tender which it alleges in its petition it had made.

Defendants did not plead estoppel and for that reason if for no other reason could not avail themselves of such defense even if it were good. However, if the contention of defendants' counsel be that they are relieved of the necessity of pleading estoppel because plaintiff's allegation of a tender amounts to such a recognition of the validity of the tax sale as destroys its

own case, we do not think the contention sound.

Counsel for plaintiff cite a decision of the Orleans Court of Appeal, namely, Richardson vs. Vahn, Orl. App. 382, as holding:

"The right to redeem property sold for taxes and the action to annul the tax sale exist concurrently and are not exclusive of each other."

We have not verified this citation but it seems to us correctly to express the law.

The above mentioned articles of the Constitution require refundment to the tax purchaser of the price he paid for the property including all taxes and costs with ten per cent per annum interest before any judgment annuling the tax sale shall have effect. They also recognize his right to redeem within the time mentioned.

We have been referred to no authority which holds that an offer to redeem is such a recognition of the validity of the tax title as to deprive the tax debtor of the other right which the articles contemplate he shall have, namely, to annul the sale if there are any grounds for which it should be annulled.

The case cited by counsel for defendant, State vs. Ross, 144 La. 898, 81 South. 386, defining the meaning of "redeem", "repurchase", etc., afford no support in our opinion, to his contention on this score.

In tendering the price, the utmost effect it could possibly have, in our opinion, would be to estop the former owner from disputing the amount of the taxes.

The holding in Davis vs. Millaudon, 17 Ann. 97, is simply to the effect that a tender is an admission that the thing tendered is due. The thing tendered here was money which may have been due whether the sale was good or bad.

In Cooley vs. Broad, 29 La. Ann. 345, and Machine Co. vs. Newman, 107 La. 712, 32 South. 38, the holding is that where all the conditions exist which, by law, create a legal relation, the effects flowing legally from such relation will follow whether the parties foresaw and intended them or not.

In these cases the parties had made contracts, one of which contained all the elements of a partnership and the other all the elements of a sale. The court held that the contracts did make, in the one case a partnership and in the other a sale, although the contracting parties may not have had the affirmative intention that the contracts should so result.

We do not perceive how this doctrine can preclude the plaintiff from asserting one legal right because of his previous effort to avail himself of another legal right.

Defendants' counsel apparently relies also on the plea of six months' prescription as curing all the nullities alleged against the tax sale.

This prescription cannot, in the present state of the record, be sustained, whatever may be the decision on it when the case is tried on its merits.

That prescription only begins to run from the time notice has been given of the sale, which notice must not be given until the period of redemption has expired.

See Constitution of 1898, Section 233. Constitution of 1921, Article X, Section 11, Act 101 of 1898.

In the petition in this case it is true some allusion was made to efforts of Lemoine to dispossess Dupuy of the property (see paragraph 6) and also allusion is made in paragraph 23 of the petition to a suit brought by Lemoine to quiet his tax title, which suit, says this paragraph:

"was filed well within the redemption period".

Nowhere in the record, though, was it stated when, if ever, the notice was served

which was required to start the six months' prescription.

It is true that this case comes up on one appeal with three other cases from the lower court which, after separate trial and rendition of separate judgments, were ordered by the judge, on his own motion, to be consolidated for the purpose of an appeal. We do not think, though, that this makes these other suits a part of the record in this case so as to justify us in taking notice of anything in those cases.

We will not, in the present state of the case, pass on the plea of prescription at all; but we are of the opinion that our learned brother of the lower court erred in sustaining the plea of no cause or right of action.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be set aside, the plea of no cause or right of action overruled, the plea of prescription referred to the merits and the case remanded for further proceedings according to law.