No. ——

First Circuit

STANLEY ET AL. v. SNELL

(Feb. 12, 1927. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Taxation—Par. 381.**

A tax title pleaded as a defense in a petitory action, is open to all objections on the part of the plaintiff, such as defective description, just as if such objections had been specially pleaded in the petition.

2. **Louisiana Digest—Taxation—Par. 358, 367.**

The description in a tax deed must be sufficiently explicit to identify the property but if it does not identify it, it cannot serve as a basis of title.

3. **Louisiana Digest—Taxation—Par. 363, 382.**

Competent proof alliunde may be supplied to offset a defect in the description in a tax title provided the description reasonably identifies the property.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Martha M. Stanley et al., against O. C. Snell.

There was judgment for plaintiff and fendant, appellant.

Judgment affirmed.

A. W. Spiller, of Hammond, attorney for plaintiff, appellee.

Ellis & Ellis, of Amite, attorneys for defendant, appellant.

LECHE, J. Ida Carter Frink, or Ida Frink, or Ida Frink Carter, conceded to be the same person, was the owner by title record, of the following described property, viz.: "A certain lot or parcel of land situated in the Parish of Tangipahoa, State of Louisiana, and described as follows: One lot 50x150 feet located in the southeast corner of the following described property: Beginning at the northeast corner of land of Myles Freeman, measuring north 36 deg. west to land of Green Scott's 4 and 50/100 chains; thence west 5 and 12/100 chains; thence south 36 deg. east 5 and 96/100 chains; thence north 54 deg. east to the point of beginning, containing two and three quarters (2¾) acres and is a portion of the southwest quarter of section 26, township six south of range seven east, as per survey made by Thos. Gahary, parish surveyor."

The property as thus described was acquired by plaintiff through their author and ancestor from Ida Frink Carter, November 6, 1922.

On July 28, 1923, the tax collector of the City of Hammond, sold for unpaid city taxes for the year 1922, at public auction unto O. C. Snell, the defendant, property described as follows: "That

certain parcel of land, half acre in the northwest quarter of southeast quarter of southwest quarter of section 26, township 6 south, range 7 east, with all improvements" seized for the payment of taxes due by Ida Carter.

Plaintiff in this suit, widow in community of W. G. Stanley and tutrix of her minor children born of her marriage with said Stanley, alleging the title of herself and her minor children to the property first herein described, charges that defendant O. C. Snell is in possession of the same through force and in bad faith; that Snell has rented the property to various tenants since the month of August, 1924. She then prays to be decreed and recognized as owner and for rent at the rate of eight dollars per month.

Defendant, in his answer, acknowledges possession and he pleads his ownership of the property as described in plaintiff's petition, for having acquired the same at tax sale on July 28, 1923.

"A tax title pleaded as a defense in a petitory action, is open to all objections on the part of the plaintiff, just as if such objections had been specially pleaded in the petition." Willis vs. Ruddock Cypress Co., 108 La. 235, 32 So. 386.

Defendant's tax deed seems on its face to conform to all legal requirements and the only objection thereto, urged by plaintiff, is that the description is fatally defective.

On the face of the titles of plaintiff and defendant, it is impossible to say whether they described the same property. The descriptions vary as to the quantity of land, the one says a lot 50x150 feet and the other says a half acre. A half acre according to our understanding, is half of a square of ground, all of whose sides measures 208 to 210 feet. It is then apparent that a half acre is more than twice the size of a lot measuring 50x150 feet. Although both of the descriptions say that the property is in section 26, township 6 south, range 7 east, plaintiff's title says it is in the southeast corner of a certain tract described as being in the southwest quarter, and the tax deed says it is in the northwest quarter of the southeast quarter of the southwest quarter of that section.

C. M. Moore, a surveyor, testifying as an expert, says that the same property cannot be included in both of the descriptions. He further says that plaintiff's title is described strictly in accordance with government surveys. He also says that the descriptions in the assessment roll and in the tax deed, do not correspond, but that the description in the tax roll and in plaintiff's title may cover the same property.

The jurisprudence in regard to this subject, is that a description in a tax deed, in order to constitute a title translative of property, must be sufficiently explicit to identify the property. Board of Com'rs, Fifth Louisiana Levee District vs. Concordia Land & Timber Co., 141 La. 247, 74 So. 921; Baldwin Lumber Co. vs. Dalferes, 138 La. 525, 70 So. 493; Schwartzenberg vs. Schwartzenberg, 138 La. 294, 70 So. 230. A description on the other hand, which does not identify, cannot serve as a basis of title in a tax sale. Amrhein vs. Nylka Land Co., 137 La. 570, 68 So. 957; Quaker Realty Co. vs. Guibilati, 136 La. 52, 66 So. 394.

It has also been held by the court that where a description is defective, competent proof aliunde may be supplied to offset the defect. Willis vs. Ruddock Cypress Co., 108 La. 255, 32 So. 386; Schwartzenberg vs. Schwartzenberg, 138 La. 284, 70 So. 230. But even in these cases, the description must be sufficient to reasonably identify the property.

We do not believe that the description in the tax deed of defendant is sufficient even to reasonably identify the property and therefore it cannot serve as a basis for his claim of ownership. Defendant showed that the only property which Ida Carter Frink owned in that neighborhood or community, was that which she acquired at tax sale, but that of itself is not sufficient to identify the property. The court has never gone so far as to hold that a tax sale of the property of a taxpayer, because he owns no other property in the neighborhood or community, would convey title, without containing any description, simply because such taxpayer only owned that single property.

The trial judge rendered judgment in favor of plaintiff, and that judgment is therefore affirmed.