## No. 3092

### Second Circuit

## HAIR v. MORGAN'S LOUISIANA & TEXAS RAILROAD & STEAMSHIP COMPANY

(Feb. 3, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625, 626.** Where only issues of fact involving the credibility of witnesses are presented, if the judgment is not clearly erroneous, it will be affirmed.

Appealed from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by V. H. Hair against Morgan's Louisiana & Texas Railroad & Steamship Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

L. L. Bordelon; Porterie & Bordelon, Marksville, attorneys for plaintiff, appellant.

White, Holloman & White, Alexandria, attorneys for defendant, appellee.

WEBB, J. The plaintiff, V. H. Hair, was a passenger on a train operated by defendant, Morgan's Louisiana & Texas Railroad & Steamship Company, from Alexandria to Eola, and he claims that after the train had stopped at Eola and as he was in the course of going down the steps of the coach to leave the train, there was a sudden movement of the train or coach, causing him to lose his grasp of the iron railing to which he was holding as he proceeded down the steps, fracturing his finger and spraining his wrist and causing him to lose his balance and to fall from the steps, resulting in dislocating his hip, from which other complications had set up, resulting in permanent inpairment, disabling him from effectively following his profession of veterinary surgeon, and in this action he seeks to recover damages.

The defendant admitted that plaintiff was a passenger, and otherwise denied his allegations, and alleged certain facts tending to refute the claim of plaintiff as to the alleged fault of defendant, and on trial judgment was rendered rejecting plaintiff's demand, from which he appeals.

The testimony of the witnesses called by the respective parties who claimed to have observed the situation, as the plaintiff descended the steps, is directly conflicting, the witnesses for plaintiff testifying that after the train had stopped there was a sudden movement of the train, causing plaintiff to fall from the steps, and that it was necessary to assist him to get up, and that the brakeman and two of plaintiff's witnesses assisted him to his automobile, while the witnesses for defendant testified that there was not any movement of the train at such time, and that plaintiff did not fall from the steps, and that he walked from the train without any

assistance, complaining that he had hurt his finger, which is accounted for by the testimony of the conductor, who stated that plaintiff, in passing from the coach to the vestibule, had stumbled.

There were four witnesses for plaintiff, including himself, his brother-in-law, and two young men, one of whom appears to have been associated with plaintiff in a business as well as a social way, and the other was a stranger, who informed plaintiff of his presence at the station some time after the alleged accident, while there were nine witnesses for the defendant, including the train crew, consisting of the conductor, brakeman, porter, engineer and fireman, and the station agent, section foreman and his son, and a passenger on the train.

The trial court, as appears from the opinion, was familiar with the scene of the accident, and his knowledge of the situation enabled him to analyze and compare the testimony of the witnesses called by the parties with relation to the positions from which they claimed to have observed the situation as plaintiff descended the steps, and noting the discrepancies in the testimony of plaintiff's witnesses as to facts established by the preponderance of the evidence, he held that plaintiff had failed to prove his case.

The case presents only issues of fact, involving the credibility of the witnesses, and from our review of the record we do not find there is manifest error.

"Where an issue of fact hinges on the credit to be attached to the testimony of witnesses, the findings of the judge below will not be disturbed unless clearly wrong on the face of the evidence." Schwartzenberg vs. Schwartzenberg, 138 La. 292, 70 South. 230.

The judgment appealed from is therefore affirmed.