No. 2550.—STATE, ex rel. THE CITY OF NEW ORLEANS, v. THE JUDGE OF THE SIXTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

A mandamus will issue from the Supreme Court to compel the district judge to grant a suspensive appeal from a judgment against the treasurer of the city of New Orleans where the record shows that the city is the real party in interest. A writ of prohibition will also issue staying all proceedings in the lower court pending the decision on the application of the city for a suspensive appeal.

APPLICATION for Writ of Mandamus. *J. R. Beckwith,* City Attorney, for relator. *W. H. Cooley,* judge, respondent. *Charles Fitz,* plaintiff, respondent.

HOWELL, J. The city of New Orleans asks for a writ of mandamus directing the judge of the Sixth District Court for the parish of Orleans

to grant a suspensive appeal from the judgment in the case of the State, ex rel. Charles Fitz, *v.* W. S. Mount, Treasurer, which was signed on the twenty-seventh December, 1869, and also for a prohibition restraining the judge and the plaintiff in said proceeding from executing said judgment pending this application.

The judge answers that he refused the appeal " because he did not believe that the petition presented to him contained any allegation warranting the belief that the city had any ' interest ' in the proceedings taken against the Treasurer, W. S. Mount."

Fitz, the petitioner therein, answers that the two writs asked for can not issue in the same cause ; that there is no ground for the writ of prohibition ; that the ten days having elapsed before this application was made, only a devolutive appeal, if any, can be allowed, and that the city not being a party below. has no right to appeal.

In reply to this party, it need only be said that the prohibition issued only as a conservatory measure to preserve the rights of the parties. until the question as to the right to a suspensive appeal could be settled, the application for which was made in the court *a qua* within the ten days and the delay in presenting the application to this court does not seem to be unreasonable.

As to the position of the judge, it is to be remarked, that the petition presented to him for an appeal expressly alleges that the city of New Orleans is the real party in interest in said proceeding ; that the order making the mandamus peremptory against Mount, the Treasuer, is, in effect, a judgment against the city, he being the ministerial officer of the corporation, and that it is aggrieved by the judgment.

The documents brought up with said petition clearly prove the interest which the city has in the judgment ordering its money to be paid to the relator in said proceeding.

It is therefore ordered that the mandamus issued herein be made peremptory.