No. 3079.—ISAAC LEVY *v.* E. B. MENTZ, Sheriff, et als.

A mortgage that has not been reinscribed within ten years from the date of first inscription, loses its rank as a mortgage, and the subsequent mortgages on the same property that have not been perempted take rank from their respective dates of registry. 21 An. 204, 427; 22 An. 402.

In the matter of construing and interpreting the statutes of the State respecting the titles to and the liens on real property, the rule is well settled that the courts of the United States will give to such statutes the interpretation which they have received by the State courts. The State courts of Louisiana will not, therefore, be bound by a decision of the Supreme Court of the United States on a question of the registry of a mortgage, under a statute of the State, when such decision is adverse to the construction given to such statute by the State courts.

APPEAL from Third Judicial District, parish of St. Mary. *Train, J. Cotton & Levy,* for plaintiff and appellant. *Legendre & Poché,* for defendant and appellee.

LUDELING, C. J. Isaac Levy claims to be paid out of the proceeds of the sale of property mortgaged to defendant, on the ground that his mortgage is superior in rank to that of the seizing creditor.

The mortgage, under which Levy claims, originally granted to Gabriel L. Fusilier and other creditors of J. A. Freré, was recorded on the ninth day of September, 1846, and an act affirmative of and supplemental to the original act was inscribed in the book of mortgages on the ninth of September, 1850, and the original act of mortgage was reinscribed on the eighth day of November, 1865.

The mortgage under which S. Theriat, defendant, claims was recorded on the fourth of February, 1861, and reinscribed on the eighteenth of April, 1870.

Under this state of facts it would seem clear that the plaintiff's mortgage had perempted. "The effect of the inscription of mortgages. ceases even against the co. .racting parties, if the inscriptions have not been renewed before the expiration of ten years, in the manner in which they were first made." C. C. 3369. And it is the "duty of the Recorder of Mortgages, or person acting as such, *to cancel and erase,* on the simple application in writing to that effect, by the owner, creditor of the owner, or other party interested, all inscriptions of mortgages which have existed or may exist on the records for a period exceeding ten years, without a renewal of such inscriptions," etc. Acts of 1843; Revised Statutes, sec. 450.

We have been referred to a decision of the Supreme Court of the United States, reported in 8 Wallace p. 299, in which that exalted tribunal held that, in Louisiana, knowledge of an existing mortgage was equivalent to, or dispensed with, registry; and the counsel for the opponent earnestly urges that we should follow their interpretation of the laws of Louisiana. It does not appear that the Supreme Court of the United States had their attention directed to article 3369 of the Civil Code, or to the amendment to article 3333. But, be that as it may, it seems well settled that in construing local statutes respecting real property, the federal courts are governed by the decisions of the State tribunals. Thatcher v. Powell, 6 Wheat. 119 ; 8 Peters 220 ; 9 Cranch 87 ; 5 Cranch 22; 16 Peters 455; 7 How. 812.

By the failure to reinscribe his mortgage within ten years after its recordation the plaintiff lost his rank, and the mortgage of the defendant took precedence over it. 21 An. 204; 21 An. 427; 22 An. 402. *

It is therefore ordered that the judgment of the lower court be affirmed, with costs of appeal.