The opinion of the court was delivered by
Miller, J.
The plaintiff sues for the amount claimed to be due by defendant under the provision for the support of public schools *1311 made on the annual budgets of the city of Shreveport for the years from 1881 to 1891, and alleged to have been collected. The defence is, the city was under no obligation to levy any taxes for schools, hence is not bound for the amounts budgeted, and prescription is also pleaded.
This controversy was before this court previously on the exception of no cause of action. On the issue then presented of the liability of a political corporation to the school board for the taxes collected for school purposes, and not paid over to the board or expended for such purposes, our conclusion was the liability existed. In the view of this court the liability arose from the fact that the taxes had been collected for the budget purposes; whether with or without express law directing taxes for schools was unimportant. We held after including in the annual budgets these school items of expenditure to be provided for by the taxes to be levied, and actually collecting from the taxpayer the taxes sufficient to defray the budgeted items, the City could not escape liability for the amounts thus collected by it for the schools. Parish Board of School Directors vs. City of Shreveport, 47 An. 21. Affirming the legal proposition presented, the city was left to any other defences it might have, but the case, save in respect to the budget provision of the years claimed to have been paid, and the defence that the amounts appropriated were only for school rents, the case is now before us on testimony not varying essentially from the allegations in the petition. Our previous decision controls the determination of this controversy, except to the extent of the modification supported by the testimony.
The provision on the budgets for each year were “ for schools,” “for school account,” “for school house account,” “for school house” except for the years 1889 to 1891, when the appropriations were varied in form to school rents. There is testimony, and it is insisted in argument, the City Council intended to provide only for the rents of school houses. We think the fair import of the terms used in the budgets must be accepted as indicating the purposes intended. As we appreciate the testimony the rents for the years 1889, 1890 and 1891, exceeded the budgeted amounts. For the other years in which the provision, in varied forms, was for school expenses, it is not disputed the amounts were required for the schools. There is no controversy as to the collection of the taxes for these *1312 purposes, nor is it denied that the city has not paid these amounts in full, but there remains unpaid the sums claimed in the petition.
We have given attention to the argument there is no obligation on the part of the city to the plaintiff, because there was no law to authorize the levy of a school tax. The law in authorizing a tax of ten mills for all purposes of city expenditure leaves these purposes to the discretion of the City Council. It is required that these purposes shall be stated in the budget, which, made up of all anticipated municipal expenditures, serves as the measure and as the warrant of the taxes to be collected from the taxpayers. In our view, the amounts collected by taxes. for any of the purposes stated in the budget, is to be deemed levied under the law, quite as effectively as if the taxation for that purpose was directed by a specific statute. The obligation of the city to pay the amount collected by taxes for the purpose stated in its budget arises, in our opinion, from the fact that the city has collected the amount from the taxpayers. We have here in New Orleans the same system as in Shreveport, of annual budgets for the estimated subjects of municipal expenditure, and the budget is the measure of the tax k> be imposed. True, the law directs New Orleans to include a certain amount for school purposes. In Shreveport the inclusion of such amount in the budget is left to the discretion of the council. . Whether the provision is required or left discretionary is, in our view, immaterial. If the provision is made and the requisite amount is collected the resulting obligation is to pay the amount to those entitled to the provision. The courts have recognized this obligation on the part of this city, and the same conditions apply to Shreveport. See Act 58 of 1879; Act 1882, No. 20, the City Charter, Sec. 64; Act No. 109 of 1882, amending Act No. 20 of 1882; Shotwell vs. New Orleans, 36 An. 938.
The amount collected by taxation for a specific purpose is a trust fund. The application of the fund for that purpose is usually enforced by mandamus. We can not see the application of prescription to protect the municipal corporation from liability for the funds thus collected and withheld. We are clear the prescription pf one year can not be sustained. We note, too, the contention that taxes can not be seized; all recognize that immunity, but the exception has no force to shield the city from a money judgment. That is all that is claimed in this suit — not its enforcement by seizure or in any mode. 2 Dillon on Municipal Corporations, Sec. 849 et seq.; *1313 Maenhaut vs. New Orleans, 2 Wood’s Rep. 108. As we understand the testimony the amounts in the budgets for 1884, 1886 and 1891 have been paid. The city should not be charged with any amount for these years and in this respect the judgment should be amended.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as not to charge the city with the amounts in controversy or any part thereof in the budgets of 1884, 1886 and 1891, and as thus amended it is affirmed, the costs of appeal to be paid by plaintiff.
Nicholls, C. J., absent.