No. 14,369.

M. L. SWORDS, SHERIFF AND EX OFFICIO TAX COLLECTOR, vs. JOSEPH DAIGLE.

### SYLLABUS.

1. The law requiring Police Juries to publish their estimates of expenditures during thirty days preceding the imposition of the tax, applies as well to license as to *ad valorem* taxation, and is not substantially complied with, as to the former, when the license ordinance is adopted at the same

meeting as the estimate, although the *ad valorem* tax ordinance may not be adopted until after the expiration of thirty days.

**e,** Where, under the law, license may be imposed upon the retail liquor business, either for revenue or by way of police regulation, or for both purposes, the question as to what is the *main* purpose is one the solution of which depends upon the circumstances surrounding the imposition of the license. And where it is imposed by the same ordinance as the licenses for revenue, it would be a strained construction of the law to single it out and hold it to be in the main a police regulation, and hence valid, and at the same time, to hold the others to be intended for revenue, and invalid, merely because the liquor license is higher, and the business of liquor selling is subjected to some restrictions not imposed upon other callings.

A PPEAL from the sixteenth judicial district, parish of St. Landry— Lewis, J.

---

*W. J. Sandoz* and *E. B. Dubuisson,* for plaintiff, appellant.

---

*Charles Frederick Garland,* for defendant, appellee.

---

The opinion of the court was delivered by

MONROE, J. The plaintiff claims from the defendant $2100 for state and parish licenses, as retail liquor dealer, during the year 1900 (being $2000 for the parish, and $100 for the state, license), with 2% per month interest from March 1, 1901, and 10% upon the aggregate amount as attorney's fees. The defendant admits that he owes the state license, and deposits the same in court with interest, penalties and costs. He denies that he owes the parish license, for the reason, as he avers, that the police jury did not publish its estimate of expenditures for thirty days, as required by law, before adopting the license ordinance, but, on the contrary, adopted said estimate and ordinance at the same meeting, and that the ordinance is, therefore, void.

The fact is, as stated in the answer, that the budget of expenses and the license ordinance were adopted at the same meeting, to-wit: the meeting of December 5, 1900. This was followed, upon January 22, 1901, by the adoption of the ordinance imposing the *ad valorem* parish tax for the year.

Section 2745 of the Revised Statutes requires the police juries of the different parishes to adopt and publish their detailed estimates of expenditures at least thirty days before meeting to decide upon the taxes to be assessed.

It has been held that this law is mandatory, and not directory, and

that an injunction will lie to restrain the collection of taxes imposed ∴n violation of its provisions. Wilson vs. Anderson, 28 Ann. 261. It has also been, specifically, held that it applies to license taxes imposed upon liquor dealers, and our predecessors in this court have said:

" The powers conferred upon police juries relative to the licensing of drinking saloons are very ample. There is, however, a restriction upon the power of police juries to lay taxes of any kind, the application of which is invoked here. Before a police jury can lawfully meet and decide on the amount of taxes to be assessed for a current year, it must cause an estimate of the parish expenses to be made, and published at least thirty days before it decides on the amount of taxes to be raised.

\* \* \* \* \* \* \*

" It is a wise law that requires the taxpayers to be advised of the intention of the police jury to assess a certain sum upon them, and their property; to fix an aggregate amount to be raised by taxation in any given year. It advises them of the *quantum* and objects of burthens that are about to be imposed upon them for parochial purposes, and gives them an opportunity to exercise a healthful and restraining influence upon their local legislature. We are not disposed to relax the rule which has been imposed upon the police jury, even if we had power. The imposition of the tax was illegal, because the estimate of the expenditures had not been published."

Parish of Lincoln vs. Huey, 30 Ann. 1244. See also Police Jury vs. Bouanchaud, 51 Ann. 866; State vs. Lockett, 52 Ann. 1620; Constant *et als.* vs. Parish of East Carroll, 105 La. 286.

The learned counsel representing the plaintiff argue that there was a substantial compliance with the law, in, that the ordinance imposing the *ad valorem* tax was adopted in accordance with its provisions—*i. e.*, after thirty days' publication of the estimate. This argument would be as strong if the case were reversed, and the ordinance imposing the *ad valorem,* instead of that imposing the license, tax had been adopted at the same meeting as the estimate, and, if accepted as the basis of jurisprudence, would produce the singular result that a law, which, by its terms, applies to all taxes, would be held to apply in one case only to license taxes and in another only to *ad valorem taxes.* It is also contended that the license in question is not a tax, and, hence, not within the meaning of the provision of the law which we are now considering, but is a police regulation. There is no doubt authority for the proposition that the police power may be exercised through the medium of the

power of taxation, and that, in such case, it is not subject to the limitations imposed upon the latter. But, whether in a given case the *main* purpose of an ordinance imposing a liquor license is to obtain revenue or is that the ordinance shall operate as a restraint upon the traffic in liquor, is a question the solution of which depends, where either hypothesis is admissible under the law, upon the surrounding circumstances. In the instant case, assuming that the police jury of St. Landry might, legally, have imposed the license for either purpose, or both, the amount fixed and the prohibition of the issuance of licenses for less than that amount, and against the carrying on of the business without license, suggest the idea of a police regulation. Upon the other hand, for aught we know, the parish may have found that it collects more money, at less expense, with high licenses than with low, and, as the liquor license was fixed by the same ordinance by which the revenue licenses were fixed, and as we know that the latter were not intended as police regulations, it would be a strained construction, merely because of the prohibition mentioned, to single out the liquor license as a police regulation, and therefore validly imposed, and yet to hold, as we should be compelled to hold, that the other licenses, imposed by the same ordinance, were invalid.

Upon the whole, we concur with the views expressed by our learned brother of the district court, and the judgment rendered by him is Affirmed.