LAND, J.
From a judgment making the writ peremptory, the defendants were allowed an appeal without giving bond, and the city of New Orleans made itself a party after judgment, and was granted an appeal without giving bond.
This is a mandamus proceeding to compel the city comptroller to warrant for, and the city treasurer to pay, certain paving certificates issued pursuant to a contract between the relator and the city of New Orleans.
Motion to Dismiss.
Relator bas moved to dismiss tbe appeals on tbe following grounds:
(1) That the original defendants have not furnished the appeal bond required by law.
(2) That the city of New Orleans is not a party to this suit, and is without interest to appeal as a third person.
The first proposition was sustained in State ex rel. George v. Mount, City Treasurer, 21 La. Ann. 177, on the ground that the defendant did not represent the city of New Orleans in the litigation, and that the exemption in favor of the city, being in derogation of the general law, cannot he extended to its officers. That ruling has never been reversed, nor has it been abrogated by subsequent .legislation. In tbe case of Insurance Co. v. Board of Assessors et al., 40 La. Ann. 371, 3 South. 891, a suit for the reduction of an assessment, the city of New .Orleans was made one of the defendants, and the ruling is applicable only to the State Tax Collector *760 and the Board of Assessors, who represented the state In the litigation.
The second proposition was overruled in State ex rel. City of New Orleans v. Judge, 22 La. Ann. 120, where it was held that the city had a right to appeal from a judgment in a mandamus suit against the city treasurer.
We see no good reasons for disturbing either decision. The motion to dismiss is therefore overruled; the city of New Orleans being the only real party in interest.