Statement of the Facts.
NICHOLLS, J.
The plaintiff alleged that the police jury of Iberia parish is indebted to it in the sum of $3,500 balance due, also in the sum of $250, and in the further sum of $4,400, for the following causes and reasons:
“That in November last the said police jury made and published its budget for the year 1907, on which it budgeted and appropriated to the public schools of said parish the sum of $10,000, and subsequently imposed, levied, and caused to be collected taxes and licenses under said budget. That the moneys thus collected amount to far more than sufficient to pay in full all special appropriations to specific purposes on the said budget. That with the approval of said police jury the amount thus budgeted to the public schools was collected by its treasurer from the tax collector of Iberia parish and were paid into the treasury. That the said police jury has from time to time paid petitioning board thereon sums aggregating $6,-500, leaving a balance still due on said amount of $3,000. That petitioning board holds warrants of certificates for amounts reserved by the clerk of court during the year 1907-08 out of payments to jurors and witnesses in criminal cases for poll taxes due by them’, which certificajtes and warrants represent the aggregate $250 poll taxes so reserved, and which amounts petitioning board is entitled to collect from the said police jury; it having failed to pay same, though amicable demand therefor has been made in vain.
“Further, that about September, 1906, the said police jury made and published its budget for said year, on which it budgeted and appropriated to the public schools of said parish the sum of $10,000, and subsequently imposed, levied, and caused to be collected taxes and licenses under said budget far more than- suffi-, cient to pay all special appropriations to specific purposes. That, with the approval of the police jury, the amount thus budgeted to the public schools were collected by its treasurer from the tax collector of Iberia parish and was paid into the parish treasury. That the said police jury has from time to time paid petitioning board thereon sums aggregating $5,600, but has refused to pay petitioning board the balance of said sum, as well as any of the amounts herein claimed; and that there is a balance due petitioning board, for said cause, of $4,400.
“Petitioning board shows that the said amount thus budgeted and appropriated became a trust fund belonging to the said public schools; that, nevertheless, the said police jury has paid and is paying out of said moneys for parish purposes, and that the parish has received the benefit of the amounts thus paid out, and should not only be decreed to pay petitioning board any and all balances of said amounts now remaining in its treasury, but should be compelled further to refund it the amounts thus distributed illegally by the said police jury or its treasurer, in accordance with its orders.
“In view of the premises, petitioning board prays that the 'said police jury of Iberia parish, through its president, George Labau, be cited according to law to answer this demand, and that after due proceedings had there be judgment, condemning, adjudging, and decreeing the said police jury to pay petitioning board of school directors the full sum of $8,150, with 5 per cent, per annum interest on same, from this date until paid, and it prays for all costs and for general relief.”
The defendant excepted to plaintiff’s petition on the ground that the causes of action therein set forth were inconsistent, and that the plaintiff'should be ordered to elect:
“(1) As to whether they will proceed upon the budget adopted November, 1907, which is for the year 1908, or they will proceed upon the budget for the year 1907.
“(2) As to whether they will proceed upon the budget adopted September, 1906, which is for the year 1907, or they will proceed upon che budget for the year 1906.
“In view of the premises, defendant prays that this exception be maintained, and that the plaintiff be ordered to elect as to which cause of action they will proceed upon; and that, upon plaintiff’s failure to elect, his suit be dismissed at his costs. And for general and equitable relief.”
The court ordered the plaintiff to elect as prayed for. Defendant reserved a bill of exception. The plaintiff, under reservation of *419 his exception, filed an amended petition in which it alleged that:
“About September, 1900, the said police jury made and published its annual budget, on which it budgeted and appropriated to the public schools of said parish the sum of $10,000, of .which amount thus appropriated it had paid it •(the plaintiff) sums aggregating $5,600 only, leaving a balance due from said amount budgeted and appropriated by said police jury to said schools in the budget made in 1906 of $4,400. That said police jury in November last made and published its annual budget, and in so doing appropriated and budgeted to the public schools of this parish the sum of $10,000, of which amount it has paid the said school board only $6,500, leaving still due on the amount thus budgeted to the said public schools in November last the sum of $3,500; and petitioning board, subject to the election thus made under said order of court, further avers and reiterates herein all the allegations and averments of its original petition as fully as if specifically set forth herein, not in conflict herewith.
“In view of the premises, petitioning board prays that this its amended petition be filed and allowed, and for all proper citation and service hereof; and it further prays as in its original petition, and for general relief.”
On June 23, 1908, the defendant answered, pleading a general denial, and excepting that plaintiff was without right or cause of action. Further answering, it denied that—
“the budget made on September, 1906, was to control the revenues and expenditure for the year 1906, and it denied that the budget for the year 1906 carried plaintiffs for the 'sum of $10,000, as claimed; but even if it did carry plaintiffs for that amount, or if the parish has failed to turn over the full amount budgeted, that the recourse of plaintiff was against the funds for the year 1906, and not against the funds of subsequent years; the revenues of each year being pledged to the budget of that year before any other debt or obligation of preceding years can be paid.
“Likewise defendant denies that the budget sued upon, that adopted in November, 1007, is to control for the year 1907; but defendant will show that the budget is to control revenues and expenditures for the year 1908, none of which taxes, except licenses, have as yet been collected, since the tax rolls for the year 1908 are not as yet made and filed. And defendant further shows that at the time this suit was filed the' tax collector had not settled in full with defendant for the taxes of 1907. In view of the premises, defendant prays that plaintiff’s demand be rejected, with costs.”
On June 27, the plaintiff peremptorily excepted that the police jury was estopped—
“from denying that they have collected and received the amounts of the taxes levied by them respectively in the years 1906 and 1907, and under said budget prepared and adopted respectively in said years. That is to say, that though the said budget of September, 1906, was styled a budget for 1907, and though the said tax levied by the said police jury for 1907 in the month of-, 1906, was styled a tax for 1907, yet in fact and in truth the said police jury caused, or at least permitted and acquiesced in, the collection by the said sheriff of said tax as the tax of 1906, and at the time when the said tax of 1906 should have been collected; that it knowingly permitted and approved of the assessor of said parish entering-said tax which it levied in 1906, and which was for eight mills, on the tax roll of 1900, which tax roll it caused or permitted to be delivered to the tax collector in 1906, as his basis for his collection of the parish tax for that year; that the said sheriff proceeded thereunder to collect the eight-mill tax imposed by them as the tax of the year 1906, with the full knowledge and consent of the said police jury, who, through its treasurer, received the said collection on the said basis, and as for said year, and receipted therefor to the said sheriff accordingly ; that it approved his said acts and those of its said treasurer in settling with him on that basis, and in receipting therefor accordingly; that having received said collections it gave a quietus to the said sheriff for sums and for amounts due to it of the tax of 1906; that likewise the said police jury caused, or at least permitted and acquiesced in, the collection of said tax imposed by it in November, 1907, as the parish tax for the year 1907, though the said budget which it had adopted was styled the budget of 1908, and the tax imposed under said budget was styled the tax for the year 1908; that its said styling of said respective budgets and taxes levied as for the succeeding year was in error; that it knowingly permitted and approved of the assessor of said parish entering said parish tax which it levied in 1907, and which was for eight mills on the dollar on the tax roll of 1907, and which tax roll was caused or permitted to be delivered to the tax collector in 1907 as the basis of his collection of the parish taxes for that year; that the said sheriff proceeded thereunder and collected the eight-mill tax imposed by them in the year 1907 as the tax of the year 1907, with full knowledge and consent of the said police jury, who, through its treasurer, received said amount of said collections on said basis, and for said year receipted therefor to the sheriff accordingly; that it approved his said acts and those of its said treasurer in settling with them on that basis and in receipting therefor accordingly.
“That having received said collections it gave a quietus to the said sheriff for the same as for all amounts due to it for the taxes of 1907, and that each year it caused to be audited and approved as correct the books and collections of its said treasurer on said basis, and in every *421 way recognized that the budget and tax levied during each of said years 1900 and 1907 were made and levied as the budget and tax of the respective years in which they were passed, and are now estopped from denying said fact, •or pretending that they have not received the amounts therefor. lYhich estoppel is now specially pleaded.
“In view of the premises, plaintiff board prays that this their peremptory exception be amended, and defendants be estopped from ■denying that the budgets and taxes made and passed and imposed in 3906 and 1907 were in fact and truth the budgets and taxes made and levied respectively for the current years in which same were imposed; and, further, that they be held estopped from denying that they have collected said amounts; and plaintiff prays for costs and for general relief.”
On the 29th of June the case was taken up for trial.
On July 17, 1908, the district court rendered judgment rejecting plaintiff’s demand, and dismissing its suit, assigning the following reasons for the judgment:
“This is an action to recover from the police jury the sum of $8,150, representing, as alleged, two respective balances of $3,500 and $4,400 due on the two respective amounts of $Í0,000 budgeted and appropriated to the public schools ■of the parish of Iberia for the years 1906 and 1907, and for poll taxes reserved by the clerk of court during the years 1907 and 1908 out ■of payments to jurors and witnesses in criminal cases amounting to $250. The amended petition filed under defendant’s motion to elect is virtually a repetition of the averments of the petition. It attempts to amend acrobatically ; it elects without electing. This is followed by the plea of estoppel. The police jury excepts that plaintiff is without right or cause 'of action, and, answering, pleads the general issue; and, further answering, denies that the budgets respectively made and adopted November S and December 5, 1906 and 1907, were to control the revenues and expenditures for these years, but were for the succeeding years; that the budget adopted in November, 1907, is for the year 190S, for which year the tax rolls have not yet been filed and turned over to the sheriff, and no taxes have been collected thereunder ; and that at the time this suit was filed all the taxes for the year 1907 had not been ■collected and settled for in full.
“I find from the evidence that the budget •of expenditures for the year 1906 was adopted November, 1905, duly advertised, and the same ■ordinances levied a ten-mill tax to meet these expenditures, and that the public schools were carried and budgeted therein for $8,000; that in the month of July, 1906, in view of Act No. 64, p. 100, of 1906, reducing the rate of parochial and municipal taxation from ten to eight mills, _ the police jury reduced the ten-mill tax so levied to eight mills for the year 1906, which was sufficient to meet such expenditures due to the increase of assessments for said year, and instructed the assessor to make the tax rolls accordingly. Under this budget and rate of taxation, the taxes for the year 1906 were collected, accounted for, and properly distributed, and the amount of $8,000 budgeted for public schools were paid over in full to the school board, which was accepted and receipted for without complaint.
“The same method was followed by the police jury for the year 1907. The budget of expenditures for that year was adopted November 8, 1906, duly advertised, and an eight-mill tax levied to meet such expenditures. The public schools were thereon carried for $10,000. Thereunder the taxes for the year 1907 were still being collected at the time of the filing of this suit, and these collections have not yet been settled for in full with the police jury. In the course of collection and settlement these taxes were properly, distributed and credited to the different items carried in the budget for that year. The school board received from the police jury over $7,700 up to the time of filing of this suit, and $7,851.37 to the present time on account, which was accepted and receipted for without complaint.
“The same method was followed for the year 1908. The budget of expenditures for that year was adopted December 5, 1907, duly advertised, and an eight-mill tax levied to meet such appropriation; the public schools were therein carried for $10,000. This tax is not yet collected, and will not be collected before the end of the present year; the tax rolls have not been filed and turned over to the sheriff, being still in the hands of the assessor. Hence the amount so budgeted for the schools, as also for other purposes, cannot be paid until the taxes for that year are collected and. settled for. I also find that no poll list or statement at the filing of this suit, to the present time, had been furnished to the police jury for poll taxes reserved by the clerk of court during the years 1907 and 1908 out of the payments to jurors and witnesses in criminal cases; that the parish superintendent of the public schools is in possession of such a statement, but this' was never brought to the knowledge of the police jury, nor was that body ever apprised of the amount so reserved, nor its attention called to the fact by demand or otherwise.
“Under such condition; and in the truth of such facts, where are plaintiff’s right to recover and stand in judgment for the various amounts and balance claimed in this suit? I have in vain searched for them. Its promises and contentions are not warranted nor supported by the evidence in the record. Plaintiff contends that the budgets respectively adopted in November and December, 1906 and 1907, are the budgets for these years, and thereunder it has based its action. 1-Iow can this be true when the very budgets of expenditures offered by it in evidence and on which it relies to *423 recover show the reverse? They cannot be made to read differently, and they contain nothing ambiguous. On the contrary, they are very clear and comprehensible.
“The budget adopted on November, 1900, was for the year 1907, and not for 1900 as contended. The amount budgeted for the schools therein the plaintiff has received, with the exception of a small balance, which cannot be settled for until the balance of the taxes for that year are finally collected and settled for.
“Likewise, the budget adopted in December, 1907, in which the schools are carried for $10,000, is for the year 1908, and not for 1907 as contended; the amount so budgeted, the plaintiff cannot recover until the taxes for that year are collected and paid into the parish treasury. The budget for 1900 was adopted in November, 1905, and in which the schools are carried for $8,000, which has been paid to and settled for in full with the plaintiff, as shown by the receipt in the record.
“The budgets of expenditures and rates of taxation for previous years have been adopted and carried out in this same manner by the police jury; that is, the budget of expenditures have been made and adopted the previous years for the following or succeeding year. This is in accordance with section 2745 of the Revised Statutes. Murphy v. Police Jury, 118 La. 401, 42 South. 979.
“It may be that the levying of the tax should have been made in the year for which it was levied — that is, at the beginning of the current year — but where is the injury in this instant case, when the plaintiff has received, in the same good faith as in which it was budgeted, levied, and paid, the various amounts as budgeted and collected. It is now a closed matter, with the exception of the balance due for 1907, which cannot be settled for until the whole taxes for that year are in and settled for by the proper officials. It is a thing- accomplished and of the past. The plaintiff has by its conduct and action acquiesced in what was done and carried out, has acknowledged its correctness by receiving the amounts, and cannot now be heard to complain.
“It has estopped itself from claiming that these various budgets are for other years than those mentioned and contained in the resolution. If plaintiff’s position be correct, then the police jury has no budget for the year 1908 because adopted in December, 1907. But I am unable to understand how it can assert and maintain such a contention in the face of the law and the facts. The plaintiff is found in the peculiar position of having accepted these budgeted amounts during these years, and now denying its validity and correctness.
“It is shown that the police jury settled with the school board as the taxes were collected and turned over. In fact, the whole of tile amount of the budget of 19ÓG was settled by installments, and that of 1907 was being- paid and settled for in like manner. This being true, I believe that the plaintiff was premature in filing this • suit, in view of the fact that the whole of the taxes for 1907 had not been collected and settled for, and the defendant having at no time refused to settle for the balance.
“The different items budgeted cannot be made up and paid at one time, but must wait tue collection of the taxes until gradually liquidated. Every item is entitled to its share of the collection in order to meet the expenditures of the parish. This is applicable to the poll tax reserved by the clerk of court out of the payments to jurors and witnesses in criminal cases for poll taxes due by them. No statement of this amount was ever furnished to the defendant, nor brought to its attention in any manner. I-Iow, then, could it settle for something unknown to it and at no time received? It can-only be called upon for settlement of these various poll taxes in reserve after it has received such a statement as would justify and permit payment of funds out of its treasury. Hence-it appears that the plaintiff was too hasty and premature in suing for this amount. Inquiry should have first been made into the status of a matter before resorting to the courts for redress.
“A simple demand for payment would have been sufficient to obtain the desired information relative to this matter and bring out the true condition of things. For these reasons, plaintiff’s demand must be rejected in full, and this suit dismissed, with costs.”
Plaintiffs have appealed.
Opinion.
In plaintiff’s brief their counsel say:
“This suit is for certain amounts due by the police jury of Iberia parish for the schools.”
One sum claimed is a balance of $-1,400 on the budget adopted in September, 190G; the other sum claimed is a balance of $3,500 on the budget adopted in 1907; a third sum claimed is the sum of $250 for amounts reserved by the clerk of court during the years 1907 and 1908 out of payments to. jurors and witnesses. Plaintiff’s suit was filed May 23, 1908. It is stated in the brief that on each of the budgets mentioned the police jury had carried $10,000 for school purposes; that the parish had collected those amounts, but it had not paid said balances.
On November 5, 1905, the police jury of Iberia parish adopted a budget for the year 1906, on which figured as an expenditure an item for public schools, $8,000, and adopted *425 .an ordinance reciting that for the year 1906 there were levied taxes amounting in the aggregate to ten mills on the dollar of the .assessed valuation of all property. In October, 1906, the police jury adopted a budget for the year 1907, in which figured as an expenditure for that, year for the public schools, $10,000. On November 8, 1906, it •enacted an ordinance in which, after reciting that for the year 1907 it was necessary to levy a tax to meet the total expenditures on the budget, the ordinance declared that for the year 1907 they thereby levied taxes amounting in the aggregate to eight mills on the dollar on the assessed valuation of all property.
On December 5, 1907, the police jury, after reciting that the budget for the year 1908 .(on which figured as an item an expenditure for public schools an amount of $10,000) was finally adapted, and that in order to meet the expenditures it was necessary to levy a tax sufficient to meet those expenditures, .enacted an ordinance declaring that for the year 1908 there were levied taxes amounting in the aggregate to eight mills on the dollar .of the assessed valuation of all property.
The evidence shows beyond dispute that .on November 25, 1905, the police jury adopted a budget of expenditures for the year 1906, and at the same time levied license taxes and property taxes for the year 1906. ■On this budget appeared public school, 2% milis on $32,000, $8,000. The property tax was fixed at ten mills. The police jury construed Act No. 64, p. 100, of 1906, reducing the maximum parish tax to eight mills, as prohibiting the collection of the ten-mill tax .already levied, and therefore in July, 1906, instructed the assessor to extend the parish tax on the basis of eight mills. This was done, and the rolls were completed and filed ■on August 21, 1906. The budget appropriation of $8,000 was collected and paid over to the parish school board out of the tax levy for 1906.
On November, 8, 1906, the police jury, after adopting a budget for the year 1907, levied taxes for the year 1907. On this budget appeared an appropriation of $10,000 for public schools.
On December 5, 1907, the police jury, after adopting a budget for the year 1907, levied taxes for the year 1909. On this budget appeared an appropriation of $10,000 for public schools.
Boiled down, the contention of plaintiff is that the' taxes levied in November, 1906, for 1907, were the taxes of 1906, and the taxes levied in December, 1907, for 1908, were the taxes of 1907, and therefore the plaintiff was entitled to $10,000 out of the taxes collected in 1906, and $10,000 out of the taxes collected in 1907. This contention is necessarily predicated on the assumption that taxes were collected in 1906 on the budget adopted and the levy made in November of that year. This was a legal impossibility, as the assessment rolls had been closed for more than two months, and no new tax levy could have been extended on them. The argument is that, as the police jury is required by law to levy taxes for the current year, the levy made in November, 1906, is conclusively presumed to have been made for that year. The undisputed facts are that the levy was made for the year 1907, and that the taxes for 1906 were collected on a levy made in the year 1905. The only legal basis for plaintiff’s claim is the budget adopted in November, 1906, for the year 1907. I-Iow, then, can it be said that the item of $10,000 on this budget was collectible out of the taxes of 1906? For the same reasons the item of $10,000 on the budget of 1907 for the year 1908 was no£ collectible out of the taxes of 1907. The prematurity of the levy of the taxes before the commencement of the next tax year cannot change the result.
*427 A police jury is not required to make out and publish its estimates of expenditures within the same year that it levies taxes to meet such expenditures; to the contrary, there are some reasons why such estimates should be made and published before the expiration of the preceding year — for instance, for the collection of license taxes. Murphy v. Police Jury, 118 La. 411, 42 South. 979.
As no taxes for the year 1908 had been collected when this suit was filed, it is evident that plaintiff’s action was premature, in so far as it is based on the budget for that year.
As to the claim for 810,000 based on the budget for 1907, a balance of 82,148.03 remains unpaid. The district judge refused to give the plaintiff judgment for this amount, on the sole ground that all the taxes for 1907 had not been collected. The total budget for 1907 amounted to 849,200. The tax collector previous to the suit had collected and paid over to the police jury on licenses for 1907 812,091.13 net, and on taxes 836,002.85, exclusive of commissions, making 848,743.98, and expected to collect 8400 to 8500 more, in addition to road taxes. The total of the net collections for 1907 did not equal the total of the budget appropriations by 8446.02. Plaintiff’s last claim is for 8194, amounts reserved from fees of jurors and witnesses for poll taxes paid. This item is not disputed. As the deficit in actual collections made up to the date of the suit was less than 1 per cent, of the budget, and it is apparent that the uncollected taxes were more than sufficient to cover the deficit, it would serve no useful purpose to nonsuit the plaintiff on a mere fraction of their demand. The taxes collected for the use of the school board constituted a trust fund for which the defendant is clearly liable. School Board v. City of Shreveport, 47 La. Ann. 1310, 17 South. 823.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and it is now ordered that the police jury of the parish of Iberia pay to the plaintiff board of school directors the sum of 82,342.63, with legal interest from judicial demand until paid, with costs in both courts.