LAND, J.
This is a suit to enjoin the collection of state and parish taxes levied on an alleged illegal assessment and on an alleged illegal budget of the police jury of the parish of Livingston, and to have the said levy and assessment declared null and void. The suit was directed against the tax collector for the state and parish and against the police jury as the representative of the parish. A preliminary injunction was granted by the clerk of the district court, in the absence of the judge, on bond for $500 conditioned as the law directs. The tax collector was served with the writ and citation on January 30, 1909, and on the same day a citation addressed to Pearly R. Erwin, president police jury, was served on that officer.
The district court convened on April 14, 1909, pursuant to adjournment. On April 19, 1909, leave was granted in open court to the district attorney to file a motion to dissolve the injunction on the face of the papers, and the motion was filed on the same day. On April 20, 1909, leave was granted to the district attorney to file exceptions to the petition, and exceptions were filed on the same day.
On April 21, 1909, one week from the day of the convening of the court, the minutes show' that the following proceedings were had:
“This day the motion to dissolve the injunction was called up. Mover being represented by W. H. McClendon, district attorney, and plaintiff being absent. After argument of mover in action, the matter was submitted to the court, and the court took the matter under advisement.”
On April 27, 1909, the court sustained the motion and rendered judgment against the plaintiff dissolving the injunction, with 10 per cent, attorney fees, statutory interest, and costs.
On the same day the plaintiff by motion in open court took an appeal from the judgment, returnable to the Supreme Court, and perfected the same by giving bond.
Motion to Dismiss.
Both appellees have moved to dismiss the appeal on the ground that this court is without appellate jurisdiction ratione materise in the premises, and that the question of the constitutionality or illegality of the taxes is not involved.
The amount in dispute is below our appellate jurisdiction, and there does not seem to be any question between the plaintiff and the state as to the lawfulness of the tax levied in behalf of the sovereign. But, as between the plaintiff and the parish, the taxes levied by the police jury are assailed as illegal, null, and void because exceeding by twofold the total amount of the budget adopted by the police jury as the basis for taxation. The question thus raised goes to the power to tax, and therefore the legality of the tax is in contestation, and this court has jurisdiction. Parish of Lincoln v. Huey, 30 La. Ann. 1244; Police Jury v. Bouanchaud & Co., 51 La. Ann. 860, 25 South. 653; State ex rel. Hutchinson v. Tax Collector, 52 La. Ann. 1620, 28 South. 157. The injunction is involved in the question of parish taxes as well as that of state taxes.
The motion to dismiss is therefore overruled.