BREAUX, C. J.
This is a suit brought by the plaintiff a'gainst the police jury and tax collector of the parish of Livingston to test the legality of an assessment, to have a tax decreed null, and to restrain the sale of the property assessed by injunction.
It is the second suit brought by plaintiff against the same defendants, relating to the same tax.
The first suit was decided in favor of the defendants in the district court to extent e* dissolving the injunction obtained by plaintiff, and on appeal the judgment was affirmed. Same title, 125 La. 50, 51 South. 64.
In the first suit the defendant tax collector pleaded in the motion to dissolve the injunction that the injunction was in violation of Act No. 170 of 1898, and that the injunction issued without observing required form and prematurely and without cause.
The defendant also tendered in the first suit the exception of no cause of action, pleaded misjoinder of parties, and inadmissible cumulation of demands in one suit, and also pleaded that plaintiff does not represent the Quaker Realty Company.
The judge of the district court sustained the motion filed by defendants, and dismissed the injunction.
The court in dissolving the injunction condemned plaintiff and the surety on the appeal bond to pay damages to the amount of 10 per cent, as stated in the judgment, and 2 per cent, per month on amount stated infra, from January 1, 1909.
Plaintiff urges that, although defendants had filed exceptions, the court limited its judgment to a dissolution of the injunction on the motion to dissolve the injunction, and that the exceptions filed by defendants were not decided.
In other words, that the district judge limited his judgment to a dismissal of the injunction on the motion to dismiss, but that he did not pass upon the points raised by the exceptions.
This is the judgment referred to above, affirmed by this court (125 La. 50, 51 South. 64), on the ground, as it is contended by plaintiff, that the bond for the injunction was insufficient, and that a rule nisi was essential before the issuing of the injunction, and that the rule had not been issued.
A short time after this judgment had been *133 rendered, before it became executory, plaintiff filed a petition, which she states is a supplemental petition to the petition filed in the first suit for a writ nisi to be served on the tax collector and the police jury to show cause why the injunction asked by her should not be issued on the ground that the issues presented to the court in the first injunction, to which we have referred above, had not been considered and decided by the court; that they are questions which are still open for discussion and decision, as they were not decided by the district court nor by this court in the case cited, supra.
The grounds of the second injunction were very similar to those of the first. They will be stated hereafter in deciding the issues of the case.
We will here state that this second injunction presents the appearance of an ancillary action brought by plaintiff to have questions not heretofore decided, although pleaded, passed upon by the court in this second injunction.
The defendants sought to meet the second injunction by a motion to dismiss for want of citation and want of interest of the president of the police jury in the issues presented in the petition for the injunction.
By the judgment of the district court in the last suit, all of these exceptions and motions were sustained, the demand of plaintiff rejected, and the injunction denied.
The first point argued by learned counsel for plaintiff as an appellant was: That the police jury had not complied with section 2745 of the Revised Statutes. No legal budget was adopted for the year that the tax was levied. That the budget is illegal because it does not state the number of mills on the dollar ad valorem which was levied on taxable property within the parish. That the police jury ordered a levy of a three-mill tax on taxable property by ordinance for the support of the public schools, making a total of seven mills. A total of only four mills was budgeted.
The illegality in the budget (as alleged by plaintiff) consisted in not carrying on the budget the three mills for schools.
There are other points involved. They will be considered.
Now, in regard to the budget, the statutory requirement is a statement of probable revenues and expenditures.
The budget in this case is full and complete enough, except that the three-mill tax is not mentioned.
The budget should be published before holding a meeting to fix the amount of taxes to be assessed.
The purpose is to inform the taxpayers of the amount, in order that they may know something about parish finances.
Plaintiff pleads that as to these three mills the law is peremptory, and from that point of view a budget is a sufficient budget without reference to this three-mill tax.
It is a fact that Act No. 27 of 1908 is peremptory and direct upon the subject. None the less, in our opinion mention of the levy of the three-mill school tax in the budget is a requisite, and, if a school tax is adopted, as in this case, after the original budget has been published, a supplemental budget should be adopted showing the additional amount required. It should not be passed over in silence only because the statute under which the taxes are imposed was adopted after the budget had been advertised. The fact is that the statutory tax is not entirely separate and independent of the parish tax.
If it were a separate and independent tax, there would perhaps be no necessity of including it in the budget.
Moreover, the statutory tax is not fixed as to amount of mills to be set aside for schools; in other words, though three mills on the dollar is the maximum, it is not unalterable.
*135 First The budget should show that the levy does not exceed 10 mills on the dollar.
In the second place, as the required number of mills necessary for schools is not unalterably fixed by the statute — it may be three mills or it may be less (the parish board of school directors may certify that the needs of the schools can be met by a smaller levy) — the police jury accepts this statement of the directors and acts accordingly.
In the third place, we are informed that the police jury had levied, as made to appear by the budget, a limited amount for the schools. This sum and the three mills should appear in the budget. It is notice which may well be expected under the law by those interested.
It may be if the amounts to be paid by taxes to be levied had been so budgeted that the school directors would not have ordered to be levied the full limit of three mills.
In the fourth place, under the statute, the parish is responsible for this tax. It is a parish tax, and all such taxes should be budgeted. It is a part of the parochial affairs in charge of the police jury. If these three mills on the dollar can be left out of the budget entirely, then there are other amounts which may" as well be left out.
The district attorney, under article 125 of the Constitution, is paid a fixed salary. That is included in the budget. The sheriff’s fees in some respects are fixed, and other items carried in the budget in accordance with the statute.
There are not two classes of parish indebtedness — one class an indebtedness to be budgeted, and the other class entirely independent of the budget. They all form part of the same levy to be paid by the taxpayers and the different amounts should be mentioned in the budget (or supplemental budget, if necessary, as in this case).
The following decisions relate to the necessity of budgeting the different items of parish expenditure: They are all pertinent. Shotwell v. City of New Orleans, 36 La. Ann. 938, approved Parish Board of School Directors v. City of Shreveport, 47 La. Ann. 1310, 17 South. 823; State v. Kennedy, 121 La. 757, 46 South. 796; Lorie v. Hitchcock, 26 La. Ann. 155; Levy v. Mentz, 23 La. Ann. 261; Police Jury v. Labarre, Man. Unrep. Cas. 110; Parish of Lincoln v. Huey, 30 La. Ann. 1244; Swords v. Daigle, 107 La. 510, 32 South. 94; Constant v. Parish of East Carroll, 105 La. 286, 29 South. 728; Cooley on Taxation, 562. See, also, Riverside Co. v. Howell, 113 Ill. 256; Case v. Dean, 16 Mich. 12; School Directors v. Shreveport, 47 La. Ann. 1310, 17 South. 823.
But, for several reasons, the plaintiff is only sustained in part as relates to this budget :
First. The budget published is sufficient to enable the defendants to collect four mills on the dollar on property legally assessed to her. In concluding upon the subject, we will restate in different words:
The budget was a legal budget. It was adopted early in the year. After it had been adopted, the Legislature adopted an ordinance fixing the school tax at the rate before mentioned.
It did not have the effect of invalidating this budget as relates to the four-mill tax, although by supplement another budget should have been made part of the list of expenditures.
(1) The point just decided was the first taken up. It takes precedence of those hereafter decided, because the nullity charged affects to some extent the whole tax-, except that portion plaintiff, Miss Ilowcott, is not in a position to contest.
(2) Defendants pleaded want of citation.
The want of citation pleaded relates only to the police jury, for the other defendant, the sheriff, was personally cited.
*137 The prayer of the original petition made the police jury a party. Service was made on the other defendant, the sheriff. The police jury was legally brought into court. The police jury is a public corporation which may be tried in its corporate name. Hennen, p. 1192, No. 1.
Now as to the supplemental petition not served, as the defendant the police jury contends, plaintiff proceeded by rule to show cause why the tax collector and the other defendant should not recall the advertisement for the sale and abandon all idea of selling plaintiff’s property for taxes.
That mode of proceeding does not present any good ground for objection. The plaintiff proceeded by rule in the second suit. No exception was filed by defendant to that form of proceeding.
The defendant accepted service through the district attorney. This sufficiently brings up the issues, as in a proceeding by rule there is no necessity of a citation provided issue be duly made as in ease of proceeding by rule. It has the same effect as a citation. The objections urged on the part of plaintiff and defendants are sufficiently before the court for decision of the issues.
(3) Res judicata pleaded.
The grounds are that the judgment is between the same parties, that the facts are the same, and that res judicata is a complete bar.
This plea is based upon the judgment in the first suit, affirmed by this court.
We will state that the plea is sustained to the extent that the plea presented in the first suit on the motion to dissolve the injunction has been decided.
But it remains that the exceptions filed in the first suit covered other grounds than those set forth in defendants’ motion to dissolve. These grounds were not decided at the time that the injunction was passed upon in the first suit.
The motion to dismiss, sustained by the court, contained a set of pleas, and the exceptions afterwards filed contained other pleas.
By dismissing the injunction on the grounds alleged in the motion, it did not dispose of the other grounds in the petition not covered by the motion.
This was not exclusively an injunction. The petition contained in addition a main demand.
The main demand was not disposed of in the first suit. There remained, as before stated, grounds in the first petition undecided.
Plaintiff in the second suit seeks to have them decided.
We will decide those issues in this suit.
As before stated, all pleas set forth in the exceptions in the first and second suits not barred by the plea of res judicata will be decided at this time.
(4) This brings us to the next ground of defense.
Defendants’ contention at this point is that plaintiff should have pleaded all of her points in the first suit.
Plaintiff pleaded all her points in the first suit, but we have noted that certain points were not decided. In the other, the supplemental suit (the second suit), they were reiterated by plaintiff and called to the court’s attention.
True, it is not permissible to embarrass the state or the parish in the collection of the taxes by repeated injunction; on the other hand, it may be properly said that in passing upon an injunction the main demand should also be disposed of. It must be said, if only the injunction were at issue, there would be very little to decide that has not heretofore been disposed of. But, as before stated, in substance, there remain the pleas of illegality and nullity of the tax set forth *139 in the first and second petitions, which we think should be passed upon.
(5) The next contention to which we are brought by defendants’ pleas is that the asserted peremptory exception, as pleaded by defendants in the first suit and again brought up in the second suit, has been sustained. There was no peremptory exception decided in the first suit. The defendants filed a motion to dissolve the injunction. That was the only plea acted upon and that motion to dismiss the injunction was decided on the ground therein alleged.
As to the motion, the plaintiff cannot renew the litigation.
None the less the illegality of the tax vel non is still before us for decision.
(C) The next point urged by the defendants is the most important of their defenses. It is that the judgment is final as to the damages allowed in the first suit.
That is true.
The facts in regard to this first judgment, allowing damages, as just stated, are: The writ of injunction sued “out on the 1st day of January, 1909, was dissolved and plaintiff in injunction and her surety on the injunction bond were condemned to pay damages of ten per cent, on the taxes and interest; that is, upon $912, the amount of the taxes assessed against the Quaker Realty Company, the collection of which was enjoined, with 2 per cent, per month from January 1, 1909” — to quote from the answer.
That is final. As to it, res judicata is a complete bar.
(7)The defendants in the next place urge want of jurisdiction of this court as relates to the alleged error in the assessment.
We can only say in answer that there is no necessity of discussing this proposition. It is a matter of assessment proper, with which we are not concerned. Our decision is confined to illegalities and nullities in matter of the tax exclusively. They, the illegalities and nullities, are now decided in order to put an end, if possible, to litigation, and avoid further confusion and legal complication.
(8) The next defense is that the revenue act provides a time within which to assert errors.
On this point defendants cite Liquidating Com’rs New Orleans Warehouse Co. v. Marrero, 106 La. 130, 30 South. 305, in support of their contention.
The extent of the decision on this point is that the action to correct the assessment must be brought within the time limit laid down in the statute.
This question of assessment is pending before the Court of Appeal.
In accordance with this requirement, we have eliminated questions relating to the amount of the assessment. We do not pass upon them at all. The questions we have decided in this decision are not barred by the statute because they are nullities which go to the origin of the right claimed by the state.
(9) The defendants allege further, as a condition precedent the taxpayers’ right of action that the tax debtor should have made application to have the assessment corrected while the matter was in the hands of the assessor.
This is a matter we are informed pending before the Court of Appeal. This court has no jurisdiction of the question.
(10) The defendants next urge that the ordinance levying the tax was not introduced in evidence, and that, without such an ordinance, it cannot be made to appear that over $2,000 were involved, and that, in consequence, this court is without jurisdiction on that ground.
The fact is of no moment here because the jurisdiction of this court is tested by the illegalities and nullities of the tax, and not by the amount of the tax.
*141 (11) The plaintiff, by alleging that she has paid taxes on some of the property, or that others, in whose names some of the lands are assessed, have paid the taxes, is bound by the allegation, and cannot be heard to raise objection to the illegality of the taxes paid by her.
As relates to taxes paid, she should not be concerned about the budget. At any rate, she cannot raise the question of want of budget in this suit.
In order to state fully in regard to this plea of payment, she alleges in her petition that:
“It therefore appears that there was a duplicate assessment on the foregoing land, and that the taxes under the assessment to the said Mrs. Louisa Howcott have been paid.”
In the paragraph following the one above referred to, similar allegation is made in regard to payment of taxes.
The same is true of other paragraphs. She also alleges that others have paid taxes on her land as it was assessed in their names.
She has no cause of action in so far as she has paid the taxes.
Before concluding we will state that:
The plaintiff’s injunction having been dissolved, plaintiff sought thereafter to have her main demand decided. Whether we consider only the main demand to the first suit not decided, or exclusively the injunction and the main demand in the second suit, there remains enough of the issues to decide relating to the illegality of the tax.
We reiterate so far as the original injunction has been decided it remains final.
But this does not affect the principal demand. To the extent not before dismissed the suit will have to be reinstated and the case decided.
To that extent the cause is remanded. We will take occasion to say that the motion, before referred to, to dissolve the injunction, was filed on the 27th of April, 1909. We will also state that we do not choose to take up the question of valid assessment vel non.
(12) The next objection urged by plaintiff is that her land has been assessed in bulk with lands of other owners. This is a matter left to be decided later.
An answer was filed in this ease, after the case had been submitted for decision.
The judgment of the district court shows that only the exception of no cause of action was considered and decided.
No reference whatever is made to the answer in the judgment, but special reference to the exception of no cause of action.
We conclude: That plaintiff owes the four-mill tax of her property legally assessed.
(2) That she cannot recover in this suit the three-mill tax paid by her or by some one else on lands not assessed in her name, but in the name of another, who has paid the taxes.
(3) That the plea of res judicata is binding to the extent the plaintiff has heretofore been condemned to pay damages, and that to that extent the second injunction is dissolved. In other respects the issues are before the court as before stated.
It is therefore ordered, adjudged, and decreed that the judgment of the district court relating to damages is maintained and affirmed; i. e., the plea of res judicata is maintained to that extent. In other respects, the suit and injunction are reinstated. The judgment of the district court sustaining the exceptions is set aside. The case is remanded to be tried on the merits, appellee to pay costs of appeal.