(58 South. 515.)

No. 19,309.

HOWCOTT v. SMART, State & Parish Tax Collector, et al.

(April 22, 1912.)

*(Syllabus by the Court.)*

1. COURTS (§ 224*)—SUPREME COURT—APPELLATE JURISDICTION.

The Supreme Court has appellate jurisdiction of all cases where the legality of a tax levied by any municipal corporation is in contestation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

2. TAXATION (§ 301*)—EXCESSIVE LEVY.

Where a police jury adopted a budget based on a tax of four mills, and subsequently levied a tax of seven mills, *held,* that the tax as to excess of three mills was illegal.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 483–495, 499–508; Dec. Dig. § 301.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Action by Edith E. M. D. Howcott against W. L. Smart, state and parish tax collector, and the Police Jury of Livingston Parish. Judgment for defendants, and plaintiff appeals. Reversed and amended.

Hall, Monroe & Lemann and Brittain B. Purser, for appellant. Walter Guion, Atty. Gen., and W. H. McLendon, Dist. Atty. (G. A. Gondran, of counsel), for appellees.

LAND, J. This cause was before us on a former appeal and was remanded for further proceedings. See Howcott v. Smart, 128 La. 130, 54 South. 586. The suit was dismissed on an exception of no cause of action, and we reversed the judgment in part, holding that a cause of injunction was disclosed as to the three-mill school tax, which had never been budgeted by the police jury of the parish of Livingston.

The cause was tried on its merits, and there was judgment in favor of the defendants. The plaintiff has appealed.

Motion to Dismiss Appeal.

[1] Defendants have filed a motion to dismiss the appeal on the ground that the court has no jurisdiction ratione materiæ. As the legality of a tax is in contestation, the Supreme Court has jurisdiction of that issue. Const. 1898, art. 85. The motion to dismiss is therefore overruled.

On the Merits.

[2] The evidence shows that the three-mill school tax was not covered by the budget. We have already held on the exception of no cause of action that if such tax was not budgeted it could not be levied and col-

lected. Howcott v. Smart, supra. We are informed that an appeal on the issue of the legality of the assessment and prior payment of taxes has been taken by the plaintiff to the Court of Appeal for the First Circuit. The appeal in this case was made necessary by the judgment below rejecting the demand for the nullity of the tax in dispute. As plaintiff has succeeded in obtaining a judgment for a part of her demand, she is entitled to costs.

It is therefore ordered that the judgment below be reversed and amended so as to perpetually enjoin the collection of the three-mill tax in dispute, and that defendants pay costs in both courts.